## A92A1238. HUDSON et al. v. QUISC, INC.
(424 SE2d 37)

JOHNSON, Judge.

Alice M. Hudson and Claude Hudson brought suit to recover damages for loss of consortium and injuries·Alice Hudson incurred when she slipped and fell at a restaurant owned and operated by Quisc, Inc. d/b/a Austin's Fine Steaks and More. The trial court granted Quisc's motion for summary judgment and the Hudsons appeal.

Reviewing the evidence in favor of Hudson as the opponent of the summary judgment motion, OCGA § 9-11-56; *Eiberger v. West*, 247 Ga. 767, 769 (1) (281 SE2d 148) (1981), the record reveals that after finishing her lunch and attending a meeting at the restaurant, Hudson slipped and fell, injuring her right knee. She testified by deposition that she also slid on the floor in the restaurant earlier that day, but did not fall. There is no evidence in the record to suggest that she notified any employee of the restaurant of that event. She did not note any foreign substances on the floor, but described it as slippery or lacking traction. Months later Hudson called the restaurant and had a conversation with the general manager concerning her fall. She testified in her deposition that the manager told her that the restaurant had a problem with fat molecules from the air collecting on the floor during the night, but that the floor was "degreased" each morning and the molecules did not have an opportunity to collect and cause a slippery condition during the day. Further, they had placed several "watch your step" signs at various locations around the restaurant.

The Hudsons contend the trial court erred by granting summary judgment to Quisc because genuine issues of material fact remain for a jury's consideration. We do not agree. In order to establish a proprietor's liability for a slip and fall attributable to a foreign substance on the floor, the customer must show (1) that the defendant had actual or constructive knowledge of a foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). The inquiry must begin with whether Quisc had constructive knowledge of the condition of the floor, since there is no evidence that it had actual knowledge of the condition of the floor on the day of the accident. A lack of actionable constructive knowledge can be established by evidence of compliance with reasonable inspection and/or cleaning procedures. This can be accomplished by presenting conclusive evidence that a customary inspection and cleaning program was in place and had been complied with on the specific day in question. See *Mallory v. Piggly Wiggly Southern*, 200 Ga. App.

428, 430 (1) (408 SE2d 443) (1991). Hudson relies on *Flood v. Camp Oil Co.*, 201 Ga. App. 451 (411 SE2d 348) (1991) in which this court held that the defendant/movant failed to meet its burden to affirmatively establish on summary judgment that an inspection had been made on the day the slip and fall occurred, and so had not established that it had exercised reasonable care in inspecting and keeping the premises in a safe condition. In this case, however, the restaurant's manager testified that the routine cleaning and degreasing was performed on the morning that Hudson slipped as it was each and every morning.

A plaintiff must also show that she was without knowledge of the presence of the foreign substance allegedly causing the injury. As we held in *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 810 (406 SE2d 234) (1991): "The customer must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him." (Citations and punctuation omitted.)

Hudson slid on the floor shortly before she fell. "When a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom. [Cits.]" *Rossano v. American Legion Post No. 29*, 189 Ga. App. 610, 612 (3) (376 SE2d 698) (1988). It is clear that she had actual knowledge of the condition of the floor in the vicinity in which she ultimately fell.

The trial court did not err in granting summary judgment to Quisc since Hudson failed to exercise due care for her own safety and therefore cannot recover. OCGA § 51-11-7; see also *Smith v. Wal-Mart*, supra; *Allen v. Big Star Food Market*, 172 Ga. App. 879 (324 SE2d 820) (1984).

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 7, 1992 —
RECONSIDERATION DENIED OCTOBER 16, 1992 —

*Gannam & Gnann, M. Joseph Gannam*, for appellants.
*Don Smart, Allison K. Luke*, for appellee.