## A93A2366. MINOR v. SUPER DISCOUNT MARKETS, INC.
### (438 SE2d 384)

BIRDSONG, Presiding Judge.

Edna Minor appeals the grant of summary judgment to defendant Super Discount Markets, Inc. d/b/a Cub Foods in this slip and fall case. She contends issues of fact remain as to actual and constructive knowledge of the peril by appellee.

Appellant contends she slipped and fell as she was looking at the poultry display, pushing the shopping cart ahead of her. When she

tried to get up, she saw a liquid covering the four or five-foot aisle between the chicken cooler and another cooler. The substance appeared to be a coating of water as if the floor had been recently mopped. After she fell, she saw an employee about 15 feet away looking at her and holding a mop in his hand. Appellant contends that appellee's employee's presence in the area gives rise to its actual or constructive knowledge of the peril (see *Hardin v. Super Discount Market*, 205 Ga. App. 646 (423 SE2d 18)), and that she could not see the wet floor because her shopping cart obstructed her vision immediately in front of her and because she was looking at the chicken with the intention of making a purchase. *Held*:

The grant of summary judgment to appellee is correct. The evidence shows that, according to her own admission, appellant could have seen the large wet area ahead of her if she had been looking where she was going. The shopping cart obscured her vision of the area immediately in front of and under the cart, but the fact remains that she did not look ahead and see the wet area before she pushed her cart so far into it as to obscure her vision of it. She admits she had shopped in the store previously; she was undoubtedly familiar with shopping carts and knew that normal use of a cart obscures the shopper's view of an area immediately under and in front of the cart. The fact that she was looking at appellee's merchandise does not relieve her of the duty to look where she was going before she pushed the cart so far into the dangerous area that she could not see the danger. To say otherwise would permit customers to barge heedlessly around a store looking at the merchandise, or looking anywhere but in their paths, with no care for their own safety and the safety of others. This would render the proprietor an insurer of his customers' safety, which he is not. *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327).

Appellant admitted that she was not looking at the floor ahead; she was looking at the chicken. She did not exercise ordinary care for her own safety. On appellee's motion for summary judgment (see *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474)), even assuming appellee had knowledge of the peril, it was appellant's burden to come forward with specific evidence that appellee's knowledge of the peril was superior, for that is the true ground of the proprietor's liability. When the perilous condition is known to the proprietor and *not known to the person injured*, a recovery is permitted (*Westbrook v. M & M Supermarkets*, 203 Ga. App. 345 (1) (416 SE2d 857)), but the person injured is not excused from the duty to exercise ordinary care for her own safety. Not only must she show that the defendant had knowledge of the peril, she must show that she was without knowledge of its presence; she must exercise ordinary care for her own safety, and must by the same degree of care avoid the effect of the

merchant's negligence after it becomes apparent to her or in the exercise of ordinary care she should have learned of it. She must make use of all her senses in a reasonable measure to discover and avoid those things that might cause hurt to her. *Alterman Foods*, supra at 623. Whatever appellee's knowledge of the peril, there is no genuine issue that the cause of appellant's fall was her own failure to exercise ordinary care.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 4, 1993 —
RECONSIDERATION DENIED NOVEMBER 23, 1993 — 

*Morris L. Richman*, for appellant.
*Drew, Eckl & Farnham, G. Randall Moody, Jennifer D. Welch*, for appellee.