## A94A1652. BRUNO'S, INC. et al. v. PENDLEY.
### (449 SE2d 637)

SMITH, Judge.

Beverly Hope Pendley filed suit against Bruno's, Inc. and Food Max of Georgia, Inc., seeking recovery of damages for injuries she incurred when she slipped and fell at a Food Max store in Austell. The trial court denied the defendants' motion for summary judgment, but granted a certificate of immediate review. We granted the defendants' application for interlocutory appeal.

The record shows that when Pendley entered the store she noticed bags of ice stacked on a pallet in front of the ice cooler. She also observed a yellow "wet floor" sign next to the ice bags. She testified on her deposition that the ice bags and the sign were both immediately obvious when she entered the store, and that the ice bags could not be missed. After attending to some business at the in-store bank branch, Pendley picked up several items. She proceeded to the checkout registers about 20 minutes after entering and noticing the ice bags. As she passed the end of a large soft drink display near the ice machine, she slipped and fell on what she termed a "gigantic" puddle of water that had leaked onto the floor from the stacked bags of ice.

Pendley admitted that when she fell she was "looking straight ahead" and did not see the water on the floor. She believed that had she looked down at the floor before she fell, she would have seen the puddle.

Appellants contend the trial court erred in denying their motion for summary judgment, because the evidence showed that Pendley had not exercised ordinary care for her own safety and that the defendants had exercised reasonable care.

In order to establish a proprietor's liability for a slip and fall caused by a foreign substance on the floor, a plaintiff customer must show both that the proprietor had actual or constructive knowledge of the foreign substance and that she had no knowledge of that substance or was prevented from discovering it by some reason attributable to the proprietor. *Hudson v. Quisc,* 205 Ga. App. 840 (424 SE2d 37) (1992).

Here, even assuming the defendants had actual knowledge of the floor hazard created by the melting ice because a store employee placed and left the pallet and ice bags in front of the ice cooler, Pendley's own testimony established that she had equal knowledge of that hazard. A customer must exercise ordinary care for her own safety. A customer also must use ordinary care to avoid the effect of a merchant's negligence after it becomes apparent to her, or in the exercise of ordinary care she should have learned of it. She must use all her senses in a reasonable measure amounting to ordinary care to discover and avoid those things that might cause her harm. *Hudson,* supra, 205 Ga. App. at 841.

A defendant/movant may prevail on a motion for summary judgment by showing the court that the evidence is insufficient to create a jury issue on at least one element of the plaintiff's case. *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). Because lack of knowledge on her part was an essential element of Pendley's claim, and the evidence showed that on the contrary, her knowledge of the hazard was equal to that of the defendants, the trial court erred in denying appellants' motion for summary judgment.

*Judgment reversed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 17, 1994 —
RECONSIDERATION DENIED NOVEMBER 2, 1994 —

*Long, Weinberg, Ansley & Wheeler, Stephen H. Sparwath, Paul L. Weisbecker,* for appellants.

*Hughes, Kaplan & Gravante, John A. Gravante, Andrew Shaul,* for appellee.