### A94A1536. SHERIFF'S BEST BUY, INC. v. DAVIS.
(450 SE2d 319)

BLACKBURN, Judge.

The appellee, Mildred Davis, commenced this action against defendant/appellant, Sheriff's Best Buy, Inc., to recover damages for injuries sustained when she fell in the parking lot of defendant's store. The trial court denied defendant's motion for summary judgment and this interlocutory appeal followed.

The record shows that between 5:00 p.m. and 5:30 p.m. on January 13, 1992, Davis tripped and fell in the parking lot of defendant's store. Davis had just arrived at the store to purchase groceries and it was lightly raining at the time and getting dark. Davis deposed that as she was walking toward the store her foot was caught by some broken pavement which caused her to fall. She stated that she believed she fell when responding to a greeting from the store manager, Ed Elrod.

At her deposition, Davis was unable to locate on photographs the exact location she fell in the parking lot. She did depose, however, that the cracked pavement in one of the photographs was similar to what caused her fall. There is no evidence in the record as to when the photographs were taken, except that they were taken sometime after the fall. There was nothing obstructing Davis' view of the area which caused her fall, but she did not say that she could have seen the cracked pavement from a standing position. She could not remember exactly where she was looking when she fell, although she thought Elrod had diverted her attention when he called to her.

Davis testified that after the fall she returned to the parking lot with her son to take photographs of the area and the broken pavement was plainly visible at that time. These photographs did not develop.

Where the party upon whom the burden of proof at trial does not lie, makes a motion for summary judgment, all of the evidence adduced on said motion, including the testimony of the party opposing the motion, is construed most strongly against the movant. *Burnette Ford v. Hayes*, 227 Ga. 551 (181 SE2d 866) (1971), overruled on other grounds. This is so, even as to issues upon which the opposing party would have the burden at trial. *Whisenhunt v. Allen Parker Co.*, 119 Ga. App. 813 (168 SE2d 827) (1969).

This case turns upon whether or not Davis exercised reasonable care for her own safety in traversing the parking lot. In *Barentine v. Kroger Co.*, 264 Ga. 224, 225 (443 SE2d 485) (1994), our Supreme Court held that the plaintiff's explanation as to why he was not looking where he was going as he approached the check-out counter, that being, that he was looking at the cashier to tell him he was ready to check out, created a fact issue for jury determination. "This testimony is some evidence that Barentine exercised reasonable care for his own safety in approaching the check-out counter." Id. In the subject case, the store employee spoke to Davis, while in *Barentine*, there was no communication generated by the store employee, he was simply the focus of Barentine's attention. If the facts of *Barentine* establish "some evidence" that Barentine exercised reasonable care for his own safety, then clearly Davis constitutes a much stronger case of such evidence.

The trial court did not err in denying defendant's motion for summary judgment.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 21, 1994.

*Gorby & Reeves, Michael J. Gorby, Amanda H. Burri, Blake H. Frye,* for appellant.

*Timothy P. Healy,* for appellee.