A95A1372. GROVNER et al. v. WINN DIXIE STORES, INC.
(462 SE2d 427)

SMITH, Judge.

Eva Grovner and her husband, George Grovner, filed a complaint against appellee Winn Dixie Stores, Inc., alleging that Winn Dixie's negligence caused Eva Grovner's personal injuries. The trial court granted Winn Dixie's motion for summary judgment, and the Grovners appeal.

As Grovner was shopping in Winn Dixie's grocery store, she slipped in a puddle of liquid on the floor, fell, and was injured. Without dispute, Winn Dixie employees were aware that a cooler in the produce department was leaking water onto the floor. Winn Dixie employees testified they had called maintenance, mopped the floor, and placed cones printed with the notice "Caution, wet floor" as well as a mop bucket at the site of the leak, directly on the mopped area. The floor had "just been mopped" a few minutes before Grovner's fall. The employees also testified that Grovner, in falling, actually came to rest on top of or holding the yellow warning cone reading "Caution, wet floor."

On the other hand, Grovner testified that no warning cone or sign was in the area where she fell: "I looked where I was going. They were not there where I was walking." She testified that the cone and mop bucket she saw *after* she fell were not at the site of the leak. Grovner contended the cone was some distance away, "stuck in a corner," and the bucket was at the other end of the cooler. She also contended that a large number of shipping boxes were stacked in the produce section, blocking the aisles and obscuring her view of the floor and of the warning cone, which was "sitting behind a box, not in sight." So many boxes were stacked in the aisles, according to Grovner, that "[w]e could not pass through." A large stack of tomatoes "chest high" obscured her view of the mop bucket before she fell.

Winn Dixie contends that Grovner acknowledged she saw the mop bucket before she fell and that the bucket itself had a notice reading "Caution — wet floor." Grovner's testimony, however, shows that she was responding to counsel's inquiry, "Were there any other warnings at the time that you fell that you saw *after you fell*?" (emphasis supplied) and that she responded, "When I sat up off the floor, yes." Moreover, Winn Dixie merely lists the deposition of a witness with no page number to support its contention that the mop bucket bore a warning. "We will not accept mere assertions of fact in briefs [cit.], or cull the record in search of error. [Cit.]" *Medley v. Boomer-*

*shine Pontiac-GMC Truck,* 214 Ga. App. 795 (449 SE2d 128) (1994). Out of an abundance of caution, however, we have examined that witness's deposition, and it contains no such testimony.

The general rule governing slip and fall cases was established in *Alterman Foods v. Ligon,* 246 Ga. 620, 623 (272 SE2d 327) (1980): "[I]n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." (Emphasis supplied.) "[T]he proprietor's knowledge of the alleged wetness of the floor due to mopping is presumed and defendant would not be entitled to summary judgment unless the evidence shows that no genuine issue of material fact remains as to plaintiff's equal knowledge of the wetness and whether, in the exercise of ordinary care, she could have avoided it." (Citations and punctuation omitted.) *Lindsey v. J. H. Harvey Co.,* 213 Ga. App. 659, 660 (445 SE2d 810) (1994).

Grovner contends her view of the floor and of any warnings in the area was blocked by the accumulation of shipping boxes in the aisles. "[I]t is a plaintiff's knowledge of the specific hazard which precipitates the slip and fall which is determinative, not merely his knowledge of the generally prevailing hazardous conditions or of the hazardous conditions which he observes and avoids." (Citation and punctuation omitted; emphasis omitted.) *Lindsey,* supra, 213 Ga. App. at 660.

In this case, we cannot say that the evidence demands a finding that Grovner failed to exercise ordinary care for her own safety. Compare *Stone v. Winn Dixie Stores,* 212 Ga. App. 291 (442 SE2d 1) (1994) (garden hose placed directly behind plaintiff by store employee while plaintiff was speaking with another employee could constitute hidden obstruction) with *Piggly Wiggly Southern v. Weathers,* 216 Ga. App. 12 (453 SE2d 74) (1994) (meat counter or product *on store shelves* did not constitute distraction). The testimony of Grovner and the store employees with regard to the steps taken to remedy the leak and the location of warnings is in direct conflict. This directly conflicting testimony presents issues of fact and credibility that must be decided by a jury. The trial court erred in granting summary judgment in favor of Winn Dixie.

*Judgment reversed. Birdsong, P. J., and Johnson, J., concur.*

Decided September 12, 1995.

*Johnson & Krider, Karen M. Krider,* for appellants.

*Lee, Black, Scheer & Hart, Steven E. Scheer,* for appellee.