## A95A1345. BAKER v. WINN DIXIE STORES, INC.
(465 SE2d 710)

ANDREWS, Judge.

Baker sued Winn Dixie Stores, Inc. claiming that, because Winn Dixie negligently failed to keep its store in a safe condition, she was injured when she stepped on a green bean and slipped and fell as she was exiting the store. She appeals from the trial court's order granting summary judgment in favor of Winn Dixie.

As the record reflects and Baker states in her brief on appeal, "[she] did not see the green bean prior to her fall. After her fall, she saw the green bean which caused her fall and other green beans located somewhere else on the floor. Prior to her fall, [she] was walking in a normal manner, looking straight ahead, did not see anything on the floor, and was not anticipating anything to be on the floor because she had assumed that the most trafficked area of the floor would be clean and safe." At her deposition, Baker said she did not see the green beans on the floor as she was walking out of the store because she was not looking down and, "I usually, you know, have my head up looking outward." When asked if there was more than one green bean

on the floor or just the one she stepped on, Baker responded: "No, there was more on the floor, but they were not in that spot. There may have been, what I could see when I glanced around, five or six more down, you know, in front of the register area." Baker's daughter, who accompanied Baker to the store, also saw the green bean after Baker fell. She stated by affidavit: "After my mother fell, I ran to her side and noticed that she had slipped on a green bean." There was no evidence that Baker's view of the area where the green bean was on the floor was obstructed or that her attention was diverted from the area by any distraction created by Winn Dixie.

"[I]n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). Even assuming that Winn Dixie had actual or constructive knowledge of the hazard created by green beans on the floor, Winn Dixie would still be entitled to summary judgment if Baker had knowledge of the hazard or should have discovered it, unless Winn Dixie somehow prevented her from discovering it. Id.; *Smith v. Wal-Mart Stores,* 199 Ga. App. 808, 810 (406 SE2d 234) (1991). Under this standard, in order to recover, Baker must "exercise ordinary care for [her] own safety, and must by the same degree of care avoid the effect of the [store's] negligence after it becomes apparent to [her] or in the exercise of ordinary care [she] should have learned of it. [She] must make use of all [her] senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to [her]." (Citations and punctuation omitted.) *Alterman Foods,* supra at 623.

Here, the record shows that Baker failed to exercise ordinary care to discover and avoid the clearly visible hazard presented by the green beans on the floor. Baker's own testimony and the affidavit of her daughter show that the green bean she stepped on was clearly visible on the floor of the store. Baker admitted that she did not see the green bean because she was walking with "[her] head up looking outward" assuming that the exit area would be clean and safe. Regardless of the store's knowledge of the hazard, the proximate cause of Baker's fall was her own failure to exercise ordinary care to discover and avoid the hazard. *Minor v. Super Discount Markets,* 211 Ga. App. 123, 124-125 (438 SE2d 384) (1993); *Colevins v. Federated Dept. Stores,* 213 Ga. App. 49, 52 (443 SE2d 871) (1994); *Bruno's, Inc. v. Pendley*, 215 Ga. App. 108 (449 SE2d 637) (1994). The trial

court correctly granted summary judgment in favor of Winn Dixie.

*Judgment affirmed. Birdsong, P. J., Pope, P. J., and Blackburn, J., concur. Johnson and Smith, JJ., concur specially. Beasley, C. J., McMurray, P. J., and Ruffin, J., dissent.*

SMITH, Judge, concurring specially.

While I concur in the majority opinion, I write separately to point out what I believe to be a serious misconstruction of the Georgia Supreme Court's opinion in *Barentine v. Kroger Co.,* 264 Ga. 224 (443 SE2d 485) (1994). The dissent contends, incorrectly, that *Barentine* involved a "self-induced" distraction created by the *plaintiff* alone. In *Barentine,* the cashier was not at his post, and Barentine was distracted by the necessity of calling him to the checkout line. The rule, then, is simply that some conduct on the part of the *employee* must distract the plaintiff. The dissent's approach would abrogate the well-established distinction between a "distraction" created by the proprietor and one which is "in the nature of being self-induced." *Riggs v. Great A & P Tea Co.,* 205 Ga. App. 608, 610 (423 SE2d 8) (1992).

This case is unlike *Grovner v. Winn Dixie Stores,* 218 Ga. App. 495 (462 SE2d 427) (1995), which involved the active concealment of a hazard by the proprietor. In *Van Dyke v. Emro Marketing Co.,* 211 Ga. App. 744 (440 SE2d 469) (1994), both a visible and a concealed hazard were present, and the plaintiff was unaware of the true extent of the danger. Neither of these circumstances is present here, and the trial court properly granted summary judgment in favor of Winn Dixie.

I am authorized to state that Judge Johnson joins in this special concurrence.

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent as I do not believe a loose green bean in the highest traffic area of a grocery store is such an open and obvious danger so as to authorize the majority's conclusion (as a matter of law) that Cora Baker's own carelessness was the sole proximate cause of her injuries.

"In *Barentine v. Kroger Co.,* 264 Ga. 224, 225 (443 SE2d 485) (1994), our Supreme Court held that the plaintiff's explanation as to why he was not looking where he was going as he approached the check-out counter, that being, that he was looking at the cashier to tell him he was ready to check out, created a fact issue for jury determination. 'This testimony is some evidence that Barentine exercised reasonable care for his own safety in approaching the check-out counter.' Id." *Sheriff's Best Buy v. Davis,* 215 Ga. App. 290, 291 (450 SE2d 319). In the case sub judice, Cora Baker testified that she had

just left the checkout counter and entered the highest traffic area of the store (with a fresh bag of Winn Dixie doughnuts) when she slipped and fell. Baker also explained that she saw her daughter waiting for her at the entrance of the store just before the fall. "If the facts of *Barentine* establish 'some evidence' that Barentine exercised reasonable care for his own safety, then clearly [Cora Baker's testimony, along with the favorable inference that the green bean was not clearly visible against the color of Winn Dixie's floor, constitute] a much stronger case of such evidence." *Sheriff's Best Buy v. Davis*, 215 Ga. App. 290, 291, supra.

I believe the trial court erred in granting Winn Dixie's motion for summary judgment. See *Grovner v. Winn Dixie Stores*, 218 Ga. App. 495 (462 SE2d 427). Also see *Van Dyke v. Emro Marketing Co.*, 211 Ga. App. 744 (440 SE2d 469), where this Court reversed summary judgment even though there was evidence that the plaintiff had prior knowledge of the hazard which allegedly caused his fall.

DECIDED DECEMBER 4, 1995 —
RECONSIDERATION DENIED DECEMBER 19, 1995.

*Alan D. Tucker*, for appellant.
*Lee, Black, Scheer & Hart, Christopher L. Rouse*, for appellee.