A96A0295. SERVICE MERCHANDISE, INC. v. JACKSON.
(473 SE2d 209)

MCMURRAY, Presiding Judge.

This is a foreign substance slip and fall case. Plaintiff Jackson

was shopping in a retail store operated by defendant Service Merchandise, Inc. After leaving the store's rest room, plaintiff was searching for her shopping companions, her daughter and grandchildren, when she slipped on a liquid on the floor and fell. Defendant appeals from a jury verdict in favor of plaintiff. *Held*:

1. Defendant first enumerates as error the denial of its motion for directed verdict. " 'In considering a ruling on a motion for directed verdict, the evidence must be construed most favorably to the party opposing the motion; and a verdict shall be directed only where there is no conflict in the evidence as to any material issue, and the evidence introduced with all reasonable deductions therefrom, shall demand a particular verdict. . . . (Cit.)' *Strong v. Wachovia Bank of Ga.*, 215 Ga. App. 572, 573 (3) (451 SE2d 524) (1994)." *Dept. of Transp. v. Brown*, 218 Ga. App. 178 (1), 179 (460 SE2d 812). See also OCGA § 9-11-50 (a).

Under OCGA §§ 9-11-56 (c) and 9-11-50 (a), summary judgments and directed verdicts are appropriate only when the court, viewing all the facts and reasonable inferences from those facts, in a light most favorable to the nonmoving party, concludes that there are no issues to be tried. *Lau's Corp. v. Haskins*, 261 Ga. 491 (4) (405 SE2d 474); *Hall v. Rome Automobile Co.*, 181 Ga. App. 621 (1) (353 SE2d 542). The granting of summary judgment or directed verdict "is a very, very grave matter. By such act, the case is taken away from the jury, and the court substitutes its own judgment for the combined judgment of the [jury]." *Johnson v. Curenton*, 127 Ga. App. 687, 688 (195 SE2d 279).

In granting such motions, we must remain mindful of the jury's role in the process to resolve any and all conflicts in the evidence. "It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable. The situation is best summed up by the language of Justice Bleckley speaking for the court, in *Brown v. Matthews*, 79 Ga. 1 (4 SE 13): Truth is often dim, but is truth nevertheless. Frequently amongst the facts best proved is one which no witness has mentioned in his testimony, such fact being an inference from other facts." (Citations and punctuation omitted.) *McCarty v. Nat. Life &c. Ins. Co.*, 107 Ga. App. 178, 183 (2) (129 SE2d 408). From this perspective, it is preferable not to have a single trial judge stand in the shoes of the several men and women of various backgrounds who make up a jury and determine what inferences they may draw from the evidence. It is for this reason that trial judges should grant a motion for summary judgment or directed verdict only where the evidence is truly

clear, palpable and undisputed. *Pique v. Lee*, 218 Ga. App. 357, 359 (461 SE2d 302).

Trial and appellate judges should not take such matters lightly, for what is at stake is of constitutional magnitude. When a trial court or appellate court determines that summary judgment or a directed verdict is appropriate, it is in effect a determination that a party is not entitled to his or her right to a trial by jury even after a demand for jury trial has been made. See Ga. Const. of 1983, Art. I, Sec. I, Par. XI; OCGA § 9-11-38. A trial court should reluctantly grant such a motion, and on appeal, the trial court's decision should be scrutinized with great care by the reviewing court. See *Lingo v. Kirby*, 142 Ga. App. 278 (236 SE2d 26). In this case, as with the numerous other cases that have come before this Court from rulings on motions for summary judgment and directed verdict, the evidence was conflicting. Neither the trial court nor this Court is permitted to weigh that evidence or determine its credibility, as those tasks are within the exclusive province of the jury. Faced with conflicting evidence and inferences, the jurors would have been authorized to find in either the plaintiff's or the defendant's favor. See *Price v. Whitley Constr. Co.*, 91 Ga. App. 257, 265 (2) (85 SE2d 528). Parties are entitled to have a jury of their peers make that determination, and except in clear cases, the judgment of a single judge should not be a substitute.

As often stated, the true ground of liability of the proprietor in slip and fall cases, or other cases arising from static defective conditions on the property, is the proprietor's superior knowledge of the perilous instrumentality. *Ballard v. Southern Regional Med. Center*, 216 Ga. App. 96 (1), 97 (453 SE2d 123). In a foreign substance case, such as this, the first element of the resulting two-prong test is that the proprietor had actual or constructive knowledge of the foreign substance. *Bruno's, Inc. v. Pendley*, 215 Ga. App. 108, 109 (449 SE2d 637); *Hudson v. Quisc, Inc.*, 205 Ga. App. 840 (424 SE2d 37). The proprietor's knowledge is uncontroverted in the case sub judice. One of the store's management-level employees discovered a spill, went to a janitorial closet to get a mop, and damp mopped the spill himself, leaving some liquid on the floor. After mopping the area, the manager placed a shopping cart over the area to ensure that the mopped area was protected and proceeded to return to the janitorial closet.

Before the manager reached the janitorial closet, plaintiff's fall occurred. When plaintiff reached the area of the spill, there was no shopping cart covering the area and she did not see the liquid on the floor until after her fall because she was looking for her shopping companions and not at the floor. The second element which plaintiff had to show in order to recover was that she had no knowledge of the substance on the floor or was prevented from discovering it by some reason attributable to the proprietor. *Bruno's, Inc. v. Pendley*, 215 Ga.

App. 108, 109, supra; *Hudson v. Quisc, Inc.*, 205 Ga. App. 840, supra. In the case sub judice, we are concerned primarily with the first of these alternative statements of the second element and with the duty of the plaintiff to exercise ordinary care for her own safety. A plaintiff seeking to recover on the basis that she had no knowledge must show not only that she was without knowledge of the peril, but also that she could not have discovered and avoided the peril by the exercise of ordinary care for her own safety. *Minor v. Super Discount Mkt.*, 211 Ga. App. 123, 124 (438 SE2d 384). In other words, plaintiff was under a duty to look where she was walking. *Riggs v. Great Atlantic &c. Tea Co.*, 205 Ga. App. 608 (423 SE2d 8). Plaintiff must use her eyesight to discover obstructions. *Sinclair v. Orozco*, 205 Ga. App. 498 (423 SE2d 25). Where, as in the case sub judice, a plaintiff fails to see a hazard in the plaintiff's path because the plaintiff was not looking in the appropriate direction, we have recognized that the critical issue becomes whether the plaintiff could have seen the hazard had the plaintiff looked. *Jester v. Ingles Mkt.*, 206 Ga. App. 327, 329 (425 SE2d 323); *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 809 (406 SE2d 234).

Defendant maintains that the liquid on which plaintiff slipped was clearly visible, so that she would have seen it if she had looked. If this fact had been established by uncontradicted evidence, this would have demanded a defendant's verdict since plaintiff, being deemed to have the knowledge she could have obtained through the required exercise of ordinary care, could not show one of the elements of her claim, a lack of knowledge of the perilous instrumentality. But the evidence concerning the visibility of the liquid in which plaintiff slipped was not without contradiction of the conclusion sought by defendant and includes testimony from several witnesses showing that the liquid was thin, clear, and barely visible unless one was down near the floor. The jury was authorized to conclude that plaintiff had no knowledge of the liquid on the floor and would not have seen it if she had looked. Under these circumstances, the trial court did not err in denying defendant's motion for directed verdict. *Lister v. Scriver*, 216 Ga. App. 741, 744 (1) (456 SE2d 83).

2. The remaining enumeration of error maintains that the trial court erred in failing to charge the jury on the definition of "ordinary care." The sole argument made in support of this contention is that in the absence of this definition, the jury was not given the proper parameters with which to assess the actions of the parties. Yet, no written request to charge defining "ordinary care" was submitted by defendant, and there can be no error in the denial of an oral request. *Shaw v. Hughes*, 199 Ga. App. 212, 215 (5) (404 SE2d 309); *May v. Poole*, 174 Ga. App. 224, 226-227 (2) (329 SE2d 561); *Hudson v. City of Columbus*, 139 Ga. App. 789, 790 (2) (229 SE2d 671). Furthermore,

see *McDuffie v. Tanner*, 108 Ga. App. 213, 216 (4) (132 SE2d 675) holding that "the words 'ordinary care' are self-explanatory, and failure to define their meaning, in absence of timely request, is not reversible error. [Cits.]" This enumeration of error lacks merit.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED JUNE 27, 1996.

*McLain & Merritt, Albert J. Decusati*, for appellant.

*Forrest B. Johnson*, for appellee.