## A97A1874. STEWART v. FOODMAX OF GEORGIA, INC.
(492 SE2d 276)

Judge Harold R. Banke.

After she slipped and fell in a local grocery store, Dorothea Stewart sued the proprietor, Foodmax of Georgia, Inc. ("Foodmax"). In her sole enumeration of error, she appeals the trial court's order granting summary judgment to Foodmax.

To prevail on summary judgment, defendants who will not bear the burden of proof at trial may point out by reference to the record that there is no evidence, viewed in the light most favorable to the non-movant, sufficient to create a jury issue on at least one essential element of plaintiff's case. *Coffey v. Wal-Mart Stores*, 224 Ga. App. 824, 827-828 (2) (482 SE2d 720) (1997). Viewed in that light, the record shows that Stewart entered Foodmax, walked through the store to select her purchases, and then headed for the check-out

counter. Walking up the aisle toward the store's front, she noticed that the first check-out counter was closed. As she neared the aisle's end and turned toward the second check-out counter, she slipped on a banana peel and fell, injuring her back. Stewart testified that she noticed the four-inch piece of dark peel against the light floor after her fall. *Held*:

To recover, Stewart had to prove that: (1) Foodmax had actual or constructive knowledge of the banana peel, and (2) she lacked knowledge of, or Foodmax prevented her from discovering, the peel. *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 809 (406 SE2d 234) (1991). Foodmax's liability was contingent on proof of its superior knowledge of the allegedly dangerous condition. *Shansab v. Homart Dev. Co.*, 205 Ga. App. 448, 450 (3) (422 SE2d 305) (1992). Proof that Stewart knew of the banana peel, or in the exercise of ordinary care could have avoided it, would foreclose her recovery. Id.

In the absence of any evidence that Foodmax had actual knowledge, this case turns on whether it had constructive knowledge of the allegedly hazardous condition. Constructive knowledge can be established with evidence that (1) Foodmax failed to exercise reasonable care in inspecting its premises, or (2) an employee was in the immediate vicinity of the hazardous condition and could easily have noticed and corrected it. *Smith*, 199 Ga. App. at 809. To prove Foodmax lacked reasonable care in inspecting its premises, Stewart had to establish the length of time the hazardous condition existed. *Food Giant v. Cooke*, 186 Ga. App. 253, 254 (1) (366 SE2d 781) (1988).

Here, Foodmax presented evidence that its employees routinely inspected its floors at regular intervals and were instructed to maintain a constant lookout for spills and other substances and rectify them. The store's co-manager attested that five minutes before Stewart fell, he had inspected the area at issue and found it clean and dry. Compare id. at 255 (absent proof reasonable inspection procedures were followed on the day at issue, defendant cannot negate inference of constructive knowledge). Stewart testified that she had no idea how long the banana peel had been there. See *Kenny v. M & M Supermarket*, 183 Ga. App. 225, 226 (358 SE2d 641) (1987) (summary judgment proper where nothing rebutted defendant's direct evidence that five minutes before the fall, aisle was inspected and nothing was found). The record shows that several cashiers were working in the vicinity where she fell, but Stewart admitted they were occupied with their customers and there is no evidence that they could easily have seen the banana peel within the unspecified time it remained in the aisle.[1] See *Edwards v. Wal-Mart Stores*, 215

---

[1] Stewart testified that a cashier on her way to open another register walked up to her

Ga. App. 336, 337 (449 SE2d 613) (1994); *Banks v. Colonial Stores*, 117 Ga. App. 581, 584-585 (161 SE2d 366) (1968). Stewart also admitted that had she looked down, she surely would have seen it. See *Baker v. Winn Dixie Stores*, 219 Ga. App. 513, 514 (465 SE2d 710) (1995). Absent any evidence that Foodmax had constructive knowledge of the banana peel, summary judgment was appropriate.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED SEPTEMBER 15, 1997.

*Reynolds & McArthur, Oliver W. Horne III, Derek J. White*, for appellant.

*Martin, Snow, Grant & Napier, Jay C. Traynham, Lisa M. Edwards*, for appellee.

---

after the fall. She also testified that other cashiers worked nearby, but were busy checking out customers. To the extent that this testimony contradicts Stewart's affidavit, which states that the "employees were in a position to clearly see the floor and surrounding area where the banana peeling was lying," we will disregard the affidavit. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986).