## A97A1659. CLEGHORN v. WINN DIXIE STORES, INC.
(492 SE2d 745)

Judge Harold R. Banke.

Frank Cleghorn sued Winn Dixie Stores, Inc. to recover for injuries allegedly sustained in a slip and fall in the frozen food department. Cleghorn appeals the summary judgment awarded to Winn Dixie.

A Winn Dixie employee, Mike Singletary, was using an oxygen acetylene welding torch to repair a leak in a freezer. Before Singletary commenced work, he placed four yellow wet floor cones and four shopping carts to cordon off about a fifteen-foot work area. Cleghorn noticed an employee working on the cooler with a torch and heard a noise that sounded like welding. Despite observing at least one wet floor cone, and one cart, Cleghorn elected to enter the barricaded area to shop for vanilla ice cream. Cleghorn admitted that he saw a sign cautioning "Wet Floor" but proceeded anyway after noticing that the floor appeared dry. Cleghorn, who was wearing cowboy boots, testified that he left his grocery cart and entered the area "very carefully" because he knew he had to be extra careful on a wet floor. As Cleghorn turned to return to his cart, he slipped and fell onto an oxygen acetylene tank. Singletary testified that Cleghorn fell inside the area barricaded by the shopping carts and wet floor cones. According to Singletary, the floor area was damp from being mopped by another employee. According to Cleghorn, he did not see any water or foreign substance, does not recall where he was looking when he fell, and admits that nothing obstructed his view. Winn Dixie offered into evidence photographs depicting the cordoned area as it purportedly appeared immediately before and after Cleghorn's fall. *Held*:

In his sole enumeration of error, Cleghorn contends that the trial court erred in finding that he had actual notice of the hazard. The owner or occupier of premises is under a duty to keep its premises reasonably safe and to warn of hidden dangers or defects not observable to invitees who are exercising ordinary care for their own safety. *Newell v. Great A & P Tea Co.*, 222 Ga. App. 884 (1) (476 SE2d 631) (1996); OCGA § 51-3-1. However, a property owner is not an insurer of the safety of its invitees. *Wells v. C & S Trust Co.*, 199 Ga. App. 31 (403 SE2d 826) (1991). The mere showing of the occurrence of an injury does not create a presumption of negligence. Rather, the true ground of liability is the owner's or occupier's superior knowledge of the hazard and the danger therefrom. *Cook v. Home Depot*, 214 Ga. App. 133, 134 (1) (447 SE2d 35) (1994).

In this case, in order to recover, Cleghorn would have to show that Winn Dixie had actual or superior knowledge of the hazard and that he lacked knowledge of that hazard or was prevented by Winn Dixie from discovering it. *Alterman Foods v. Ligon*, 246 Ga. 620, 623

(272 SE2d 327) (1980); *Hudson v. Quisc, Inc.*, 205 Ga. App. 840 (424 SE2d 37) (1992). By Cleghorn's own admission, he observed the wet floor sign, but apparently decided that he could safely traverse the area by walking "very carefully." Cleghorn conceded that nothing obstructed his view of the floor and made no claim that he had been distracted by an employee. Because Cleghorn's knowledge of the wet floor was at least equal to that of Winn Dixie, his recovery was foreclosed. *Bruno's, Inc. v. Pendley*, 215 Ga. App. 108, 109 (449 SE2d 637) (1994); compare *Grovner v. Winn Dixie Stores*, 218 Ga. App. 495, 496 (462 SE2d 427) (1995) (summary judgment precluded by disputed factual issue as to the visibility of floor and warning signs). Having successfully pierced an essential element of Cleghorn's case, Winn Dixie was entitled to summary judgment as a matter of law. OCGA § 9-11-56 (c); *McGonagil v. Treadwell*, 216 Ga. App. 850, 853 (1) (456 SE2d 260) (1995).

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 9, 1997.

*Terry J. Marlowe*, for appellant.

*Clyatt, Clyatt, Wallace & DeVaughn, Russell C. Wallace*, for appellee.