A02A0188. TAYLOR v. GOLDEN CORRAL CORPORATION.
(567 SE2d 109)

BARNES, Judge.

This case arises from a slip and fall that occurred at a Golden Corral restaurant. Mildred Taylor sued the Golden Corral Corporation, alleging that she was injured when she fell at the restaurant. The trial court granted summary judgment to Golden Corral, finding that it lacked actual or constructive knowledge of the hazard on its premises. The trial court also found that, even if Golden Corral knew of the hazard, Taylor failed to produce evidence that she lacked knowledge of the hazard despite exercising ordinary care. Taylor contends that a jury issue exists. We agree and thus reverse.

On appeal, we review the trial court's grant of summary judgment de novo to determine if the evidence demonstrates any genuine issue of material fact. *Shepard v. Winn Dixie Stores*, 241 Ga. App. 746, 747 (527 SE2d 36) (1999). To prevail, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. Id. "A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." (Emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

When viewed in the light most favorable to Taylor, the nonmovant, the evidence shows that at approximately 11:15 on the morning of January 27, 1999, Taylor went to the Golden Corral restaurant for a lunch meeting with some of her co-workers. The restaurant opened at 11:00 a.m. and was "dry mopped" at that time. "Dry mopping" ref-

ers to Golden Corral's practice of "slightly dampening a mop with clear, hot water, and wiping it across the tiled surface."

Taylor noticed that there were several "wet floor" cones located on the tile around the buffet food bar area. While attempting to traverse the area to get food from the buffet, Taylor slipped and fell on a tile which she described as "soapy" and "greasy." The slippery substance left a "greasy" stain on her slacks, which dry cleaning did not remove. After receiving treatment for a broken ankle at the hospital, Taylor called the store's manager, Galina Pollard, later that evening to report the incident. She said that Pollard told her that shortly before her fall, an employee mopped up spaghetti from that area.

In her affidavit, Pollard denied that there was a spaghetti spill that morning and said that the floors were still clean from the night before. She also averred that "only clear, hot water is used in cleaning the tile floor area and buffets. No soap whatsoever is added to the water during the cleaning of these areas." She explained that as part of Golden Corral's policies and procedures, "employees are reminded to be constantly on the lookout for any food, liquid or other substance on the floor." Pollard also said that she had visually inspected and walked through the area where Taylor fell "numerous times" before Taylor's fall.

"To recover for injuries sustained in a slip-and-fall action, . . . the invitee must prove (1) that the owner had actual or constructive knowledge of the hazard, and (2) that the plaintiff lacked knowledge of the hazard, despite the exercise of ordinary care, due to actions or conditions within the control of the owner." (Citations omitted.) *Kauffman v. Eastern Food &c.*, 246 Ga. App. 103, 104 (2) (539 SE2d 599) (2000). With respect to the first element, a defendant moving for summary judgment discharges its burden by "pointing out by reference to the record that there is an absence of evidence to support the [plaintiff's] case." (Punctuation omitted.) *Hardee's Food Systems v. Green*, 232 Ga. App. 864, 865 (502 SE2d 738) (1998). "[T]he plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known." *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997). Moreover, premises liability cases are not susceptible to summary adjudication except where the evidence is "plain, palpable, and undisputed." Id. at 748 (2) (b).

1. Taylor contends that genuine issues of material fact exist as to Golden Corral's liability, including its knowledge about the greasy substance that created the hazard. She points to the statement made by Pollard the evening of her fall. Taylor testified that, while she was aware that the floor was wet and had "walked on wet places before,"

she did not expect the floor to be "greasy" or "soapy." Golden Corral contends, and the trial court agreed, that Pollard's statement was inadmissible hearsay and could not be considered on the motion for summary judgment. We do not agree.

While " '[e]vidence offered on motion for summary judgment is held to the same standards of admissibility as evidence at trial,' [cit.]," *Hagan v. Goody's Family Clothing*, 227 Ga. App. 585, 586 (490 SE2d 107) (1997), "an out-of-court declaration made by an agent during the existence and in the pursuance of his agency is admissible against the principal as an *exception* to the rule against hearsay." (Citation and punctuation omitted.) *Watson v. Kroger Co.*, 231 Ga. App. 741, 742-743 (1) (500 SE2d 631) (1998). In this case, Pollard's statement was within the scope of her employment with Golden Corral, as it related to Golden Corral's knowledge of the hazard and its actions regarding the cleanup of an alleged spaghetti spill shortly before Taylor's fall. Thus, the statement was admissible as an admission against interest. See id. Compare *Barich v. Cracker Barrel &c.*, 244 Ga. App. 550 (536 SE2d 221) (2000) (evidence imputing superior knowledge only at the suggestion of a statement allegedly made by a mystery waitress was hearsay).

Although Pollard denied in her affidavit that there was a spaghetti spill the morning of the incident, a jury could disbelieve this testimony and find that she in fact told Taylor otherwise. Accordingly, Pollard's statement was sufficient to create an issue of fact regarding whether Golden Corral had actual knowledge that there was grease on the floor and had the opportunity to protect its customers from the hazard of slipping in the substance.

2. Golden Corral argues that even if it is established that it had knowledge of the hazard, Taylor had equal knowledge and failed to exercise care on the slippery floor. It argues that Taylor's own testimony that she saw "wet floor" signs around the buffet before walking in the area demonstrates this knowledge.

As stated above, a plaintiff's burden of producing rebuttal evidence that her failure to see the hazard was due to conditions under the defendant's control arises only after it has been shown that the defendant had knowledge of the hazard, and the defendant presents evidence that the plaintiff's voluntary or casual negligence proximately caused the plaintiff's injuries. *Robinson*, supra, 268 Ga. at 747-748.

Here, Taylor testified that she saw "wet floor" cones all around the buffet area and saw that the area was wet, but she elected to proceed because she had "walked on wet places before" and that she had "to walk on it if you get your food."

Such testimony might at first seem to foreclose recovery because ordinarily, if an invitee knows of the condition or hazard, the proprie-

tor has no duty to warn and incurs no liability for any resulting injury, because the invitee has as much knowledge as the proprietor does. *Denham v. Young Men's Christian Assn. &c.*, 231 Ga. App. 197, 199 (499 SE2d 94) (1998) (physical precedent only). See also *Cleghorn v. Winn Dixie Stores*, 228 Ga. App. 766 (492 SE2d 745) (1997).

However, in construing the evidence most favorably to Taylor, we find that a jury issue remains regarding Golden Corral's liability. The facts are conflicting as to whether there was a spaghetti spill which left a greasy substance on the floor and whether Golden Corral adequately cleaned the area after the spill. There is also evidence that Golden Corral failed to follow its own policy of cleaning the tiled area using no soap, only "clear, hot water." If so, this would confirm that the area was not only wet, but slippery. While one might argue that a wet area is by default slippery, we choose not to enter a discourse on degrees of slipperiness or the requisite care one must employ when navigating wet floors.

> While not an insurer of the invitee's safety, the owner/occupier is required to exercise ordinary care to protect the invitee from unreasonable risks of harm of which the owner/occupier has superior knowledge. The owner/occupier owes persons invited to enter the premises a duty of ordinary care to have the premises in a reasonably safe condition and not to expose the invitees to unreasonable risk or to lead them into a *dangerous trap*. The owner/occupier is not required to warrant the safety of all persons from all things, but to exercise the diligence toward making the premises safe that a good business person is accustomed to use in such matters.

(Emphasis supplied.) *Medley v. Home Depot*, 252 Ga. App. 398, 400 (555 SE2d 736) (2001).

Accordingly, given the evidence that there was a substance other than water on the tile surrounding the buffet and that Golden Corral failed to follow its own policies regarding the use of soap on the tile floor, "[t]he question whether [Taylor] should have appreciated the invisible risk imposed by the wet, slippery floor . . . involves proximate cause and comparative negligence. In this case, these are questions for the jury — and not this Court — to determine." *Gourley v. Food Concepts*, 229 Ga. App. 180, 183 (493 SE2d 587) (1997).

Thus, we cannot say as a matter of law that Taylor was not exercising ordinary care for her own safety when she traversed the buffet area, despite the wet floor and "wet floor" cones. "It is a plaintiff's knowledge of the *specific* hazard which precipitates the slip and fall which is determinative, not merely her knowledge of the generally

prevailing hazardous conditions or of the hazardous conditions which plaintiff observes and avoids." (Punctuation omitted.) *Gourley*, supra, 229 Ga. App. at 180. "[T]he issue is whether, taking into account all the circumstances existing at the time and place of the fall, the invitee exercised the prudence the ordinarily careful person would use in a like situation." *Robinson*, supra, 268 Ga. at 748.

The evidence in this case is not "plain, palpable, and undisputed," within the meaning of *Robinson*, and thus the grant of summary judgment to Golden Corral was in error. See *McHenry v. Longhorn Steak*, 253 Ga. App. 833, 835 (560 SE2d 731) (2002).

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JUNE 18, 2002.

*Mayer & Beal, Andrew M. Beal*, for appellant.
*Webb, Zschunke, Miller & Dikeman, Edward A. Miller, Eric J. Sharon*, for appellee.