### A03A1411. HARRELSON v. WILD ADVENTURES, INC.
(588 SE2d 341)

BLACKBURN, Presiding Judge.

In this personal injury action, Trena Harrelson appeals the grant of summary judgment to Wild Adventures, Inc., arguing both that genuine issues of material fact exist and that she was entitled to an inference of negligence on the part of Wild Adventures through application of the doctrine of res ipsa loquitur. Finding no merit to these contentions, we affirm.

Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. In reviewing a trial court's ruling on a motion for summary judgment, we apply a de novo

---

[13] Id.

standard of review, and we view the evidence in a light most favorable to the nonmovant.

(Footnote omitted.) *Connell v. Head.*[1]

So viewed, the record shows that Harrelson and her family visited Wild Adventures on August 8, 1998. During the course of the day, Harrelson rode the Swinging Safari ride. She and her family left the park to eat, but returned to the park in the early evening and decided to ride the Swinging Safari again. It was while she was boarding the Swinging Safari for a second ride that Harrelson was struck in the face by the lap restraint bar.

> The owner or occupier of premises is under a duty to keep its premises reasonably safe and to warn of hidden dangers or defects not observable to invitees who are exercising ordinary care for their own safety. However, a property owner is not an insurer of the safety of its invitees. The mere showing of the occurrence of an injury does not create a presumption of negligence. Rather, the true ground of liability is the owner's or occupier's superior knowledge of the hazard and the danger therefrom.

(Citations omitted.) *Cleghorn v. Winn Dixie Stores.*[2] In this case, the record contains no evidence that the Swinging Safari car was a perilous instrumentality or that it exposed Harrelson to an unreasonable risk of harm. *Young v. Wal-Mart Stores.*[3]

The record shows that the Swinging Safari ride was installed by its manufacturer, Chance Rides, on May 28, 1998, about eight weeks prior to Harrelson's accident. The ride was inspected at the beginning of each day, including the day of the accident. No problems were found with the lap restraint bars. Prior to Harrelson's accident, no person had ever been injured on the Swinging Safari ride, nor had anyone ever complained about the operation of the lap restraint bars. After Harrelson's accident, Wild Adventures employees inspected the lap restraint bars and found them to be in proper working order. In addition, the manufacturer of the ride inspected the lap restraint bars a few days later and found no problems with the bars. Since there is no evidence that the lap restraint bar was a dangerous instrumentality and it is clear that Wild Adventures had no actual knowledge of any danger associated with the lap restraint bar, no jury question exists. *Young v. Wal-Mart Stores*, supra. Accordingly,

---

[1] *Connell v. Head*, 253 Ga. App. 443 (559 SE2d 73) (2002).
[2] *Cleghorn v. Winn Dixie Stores*, 228 Ga. App. 766 (492 SE2d 745) (1997).
[3] *Young v. Wal-Mart Stores*, 209 Ga. App. 199, 200 (433 SE2d 121) (1993).

Wild Adventures was entitled to summary judgment as a matter of law.

Harrelson also argues that the trial court erred in granting Wild Adventures summary judgment because she was entitled to the inference of negligence afforded by the doctrine of res ipsa loquitur. We disagree.

> Res ipsa loquitur is authorized where (1) the injury is of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.

(Punctuation omitted.) *Kmart Corp. v. Larsen.*[4] In this case, Harrelson testified that the car was on a slight incline, that she grabbed the side rail or seat as she was boarding the car, and that it was at that point that the lap restraint bar fell and struck her head. This testimony indicates that Wild Adventures was not in exclusive control of the car at the time of the accident. "[R]es ipsa loquitur should be applied with caution and only in extreme cases and is not applicable when there is an intermediary cause which could have produced the injury." (Punctuation omitted.) Id. at 353. Since the falling of a lap restraint bar is not an occurrence of an extraordinary nature and there is evidence of an intermediary cause in this case, the trial court did not err in refusing to apply the doctrine of res ipsa loquitur. Id.; *Woolbright v. Six Flags Over Ga.*[5]

*Judgment affirmed. Ellington and Phipps, JJ., concur in the judgment only.*

DECIDED OCTOBER 7, 2003.

*Smith & Jenkins, Wilson R. Smith,* for appellant.

*Coleman, Talley, Newbern, Kurrie, Preston & Holland, Gregory T. Talley, Edward F. Preston,* for appellee.

---

[4] *Kmart Corp. v. Larsen,* 240 Ga. App. 351, 352 (522 SE2d 763) (1999).
[5] *Woolbright v. Six Flags Over Ga.,* 172 Ga. App. 41, 42-43 (2) (321 SE2d 787) (1984).