**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**June 6, 2012**

# In the Court of Appeals of Georgia

A12A0107. EL RANCHERO MEXICAN RESTAURANT, NO. 10,
    INC. v. HINER.

ADAMS, Judge.

Rosemary Hiner filed this slip and fall suit against El Ranchero Mexican Restaurant, No. 10, Inc. (the "Restaurant"). We granted the Restaurant's application for interlocutory appeal from the trial court's order denying its motion for summary judgment, and we reverse for the reasons set forth below.

Viewed in the light most favorable to Hiner,[1] the evidence shows that she arrived for lunch at the Restaurant at about 12:30 or 1 p. m. on August 31, 2008. The Restaurant was so busy that day that Hiner's party was required to sit at the bar. As

---

[1] "A de novo standard of review applies to an appeal from a grant or denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." (Punctuation omitted) *Carter v. Moody,* 236 Ga. App. 262, 263 (511 SE2d 520) (1999).

she walked to the restroom after finishing her meal, Hiner noticed en route that an area of the tile floor in front of the kitchen door was slippery when she almost lost her footing there. The record contains no evidence suggesting that Hiner notified any restaurant employee about the slippery floor at that time. Hiner testified that she did not look down at that point to determine why the floor was slippery. But when she left the restroom to return to her table, she took "very small steps so [she] did not fall." Nevertheless, she fell and broke her leg as she traversed the same area, despite her efforts to walk carefully while looking at her feet. Hiner testified that after the fall, she did not look at the floor to see what made her fall; that she did not know if any type of substance was on her clothes; that she did not notice any defect in or any substance on the floor; but that she noticed that there was "film" on the tile. Hiner testified that she had been to the restaurant "many times" and that she had sometimes "slipped a little bit" because the ceramic tile floor had a film on it. She said that she reported this slipperiness to a waiter about three to seven months before her fall.

The Restaurant's busboys arrived every morning at around 9 a. m. and mopped the floor with a degreaser at that time.[2] The degreaser was used to prevent the floor

---

[2] One witness testified that the busboys also applied degreaser after the Restaurant closed and allowed it to sit overnight.

from getting greasy and to remove any build-up from Restaurant employees tracking grease from the kitchen on their shoes. The Restaurant manager arrived every day around 10 or 10:30 a. m. for the opening at 11 a. m., and it was his habit to inspect the restaurant in the morning to make sure everything was in order. Otherwise, employees were required to be on the lookout throughout the day for problems that arose and to either fix or report them. Although the manager could not pinpoint the specific time he made his inspection the day of the fall, he did it every day in the morning when he arrived including the day of Hiner's accident. When the manager heard Hiner fall, he went to the back of the store to see what had happened. He looked at the floor to see what could have caused the fall, and "the floor was clean. And that's the first thing that you look at, to see if there was something on the floor that she might have slipped on, and there was nothing." He said that in the ten years that he worked at the Restaurant, Hiner's fall was the first accident on the premises.

"The threshold point of inquiry in a slip and fall case is the existence of a hazardous condition on the premises." (Citation omitted.) *Flagstar Enterprises v. Burch*, 267 Ga. App. 856 (600 SE2d 834) (2004).

> Proof of a fall, without more, does not create liability on the part of a proprietor or landowner. It is common knowledge that people fall on the

best of sidewalks and floors. Additionally, causation is always an essential element in slip or trip and fall cases. Where the plaintiff does not know of a cause or cannot prove the cause, there can be no recovery because an essential element of negligence cannot be proven. A mere possibility of causation is not enough and when the matter remains one of pure speculation or conjecture, it is appropriate for the court to grant summary judgment to the defendant.

(Citations and punctuation omitted.) *Pinckney v. Covington Athletic Club & c.*, 288 Ga. App. 891, 893 (655 SE2d 650) (2007). Hiner, therefore, was required to prove more than that the floor was slippery; she "had to prove that the condition of the floor constituted an unreasonable hazard and that [the Restaurant] had superior knowledge of that hazard." (Citation omitted.) *Flagstar Enterprises*, 267 Ga. App. at 858. In other words, to establish liability, "[t]here must be proof of fault on the part of the owner and ignorance of the danger on the part of the invitee." (Citation and punctuation omitted.) *Belk Dept. Store of Charleston, S.C. v. Cato*, 267 Ga. App. 793, 794 (600 SE2d 786) (2004).

Hiner admitted that she did not know what caused her to fall, although she claims to have seen a "film" on the floor. But she argues that the floor was hazardous and the Restaurant was aware of this hazard as evidenced by the busboy's routine of

4

mopping the floor with a degreaser every morning to clean up grease tracked from the kitchen and her encounter with a film on the floor on a previous visit.

But pretermitting the issue of whether this evidence was sufficient to create an issue of fact that her fall was caused by grease accumulating on the floor, Hiner's claim fails because she cannot prove that she lacked equal knowledge of the hazard. It is well-settled that "[t]he fundamental basis for a defendant's liability [in a slip and fall case] is that party's superior knowledge of the hazard encountered by the plaintiff." (Citations and punctuation omitted.) *Brown v. Host/Taco Joint Venture*, 305 Ga. App. 248, 249 (699 SE2d 439) (2010). Hiner stated that she had noticed on prior visits that the tile in the restaurant could be slippery, and she had traversed the area moments before and noticed that it was slippery at that time. When a person successfully negotiates a dangerous condition, she is presumed to have knowledge of that condition and cannot recover for a subsequent injury resulting from the hazard. See *Pierce v. Wendy's Int'l*, 233 Ga. App. 227, 230 (2) (504 SE2d 14) (1998).[3] Thus,

---

[3] Compare *Taylor v. Golden Corral Corp.*, 255 Ga. App. 860 (567 SE2d 109) (2002) (summary judgment improper where patron fell on "soapy," "greasy" tile in area where restaurant recently mopped a spaghetti spill and factual issues remained as to whether restaurant properly cleaned spill and whether wet floor signs gave patron equal knowledge of greasy, slippery condition); *Ray v. Restaurant Mgmt. Svcs.*, 230 Ga. App. 145 (495 SE2d 613) (1998) (summary judgment improperly granted where defendant admitted knowledge of the hazard and could not prove

"[a]s reflected by her own admissions set out above, [Hiner] was aware of the [slippery tile floor]. Additionally, immediately prior to her fall, she had safely traversed the area in which she thereafter fell. Therefore, her knowledge being at least equal to that of [the Restaurant], she may not recover on her premises liability claim." (Citations omitted.) *Ballard v. Burnham*, 256 Ga. App. 531, 532 (568 SE2d 743) (2002). In *Hudson v. Quisc, Inc.*, 205 Ga. App. 840 (424 SE2d 37) (1992), this Court upheld summary judgment in favor of the defendant restaurant in Hudson's suit to recover for injuries sustained when she slid on the restaurant floor and fell. The evidence in that case showed that the restaurant had a problem with grease collecting on the floor, and the restaurant manager testified that to prevent grease from building up, employees cleaned and applied a degreaser to the floor each day, including the day of Hudson's fall. The evidence further showed that Hudson had slid on the floor earlier in the day but did not fall and that she had not notified any restaurant employees of the slick condition of the floor at that time. This Court concluded that

---

plaintiff traversed the area before her fall); *Gourley v. Food Concepts*, 229 Ga. App. 180 (493 SE2d 587) (1997) (summary judgment reversed where restaurant charged with knowledge of hazard from floor it recently mopped and factual issues remained as to whether patron had equal knowledge of hazard from son's statement that floor was slick, her observation that other areas of floor were slippery and her successful negotiation of such other areas).

it was "clear that [Hudson] had actual knowledge of the condition of the floor in the vicinity in which she ultimately fell" and that she failed to exercise due care for her own safety. Id. at 841. And, here, Hiner had actual knowledge of the floors condition at the time of her fall and also failed to exercise due care for her own safety.

The *Hudson* panel also refused to impute constructive knowledge of the floor's condition to the restaurant in light of its daily routine of cleaning and degreasing every morning, which the court found to be a reasonable cleaning/inspection procedure. Id. at 840-841. The Restaurant in this case followed a similar procedure, along with charging employees to keep their eyes open for any problems and to either fix or report them. Given this reasonable cleaning/inspection procedure, no constructive knowledge of the floors' condition at the time of Hiner's fall can be imputed to the Restaurant.

Accordingly, the Restaurant was entitled to judgment as a matter of law, and we reverse the trial court's denial of the Restaurant's motion for summary judgment.

*Judgment reversed. Barnes, P. J., and McFadden, J., concur.*