A98A0007. WATSON v. KROGER COMPANY.
(500 SE2d 631)

BLACKBURN, Judge.

Ruby Watson appeals the trial court's grant of summary judgment to Kroger Company in this slip and fall case. For the reasons discussed below, we reverse.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

"[I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known." *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997). Moreover, "the 'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and . . . summary judgment is granted only when the evidence is plain, palpable, and undisputed." Id. at 748 (2) (b).

Watson testified that, on November 7, 1995, she entered the Kroger store with her grandson, DeShunta Hicks, to buy a bell pepper. As Watson was next to the bell pepper table in the produce section, she slipped and fell on something. Hicks testified that he saw Watson fall, and that when he went to look at the site, he noticed a white, oily substance on the floor that appeared to be ranch salad dressing. The incident occurred next to a rack containing salad dressing jars. Watson's daughter, Mederia Watson, testified that she was parking the car when Watson and Hicks went into the store. When she went into the store after the fall, she noticed a white, oily substance on Watson's pants and on the floor. She inspected the salad display and noticed that one of the salad dressing jars was dripping.

Hicks testified that, after the fall, an employee in the produce section told him that they had been meaning to clean up that area. Todd Day, a Kroger employee, testified that, 30 seconds to a minute before the accident, "[i]f that long," he walked past the area where Watson fell for the purposes of inspection. However, Day did not state whether he had observed the salad dressing on the floor at this time.

1. *Actual knowledge.* There was evidence from which the jury could conclude that Kroger had actual knowledge of the hazard. As discussed above, Hicks testified that, after the fall, a produce department employee told him that they had been meaning to clean up the area where Watson fell. Drawing all reasonable inferences in favor of Watson, this testimony would support an inference that Kroger had actual knowledge of the spilled salad dressing but failed to clean it up prior to the fall.

Kroger, however, contends that the employee's statement constitutes inadmissible hearsay because the speaker is unidentifiable and therefore cannot be cross-examined. Kroger relies on *Johnston v. Grand Union Co.*, 189 Ga. App. 270 (375 SE2d 249) (1988), wherein we affirmed a grant of summary judgment to the defendant notwithstanding plaintiff's testimony that an unidentified employee stated that she knew the automatic doors that injured the plaintiff were not working properly. The plurality opinion stated that "[c]learly an admission against interest by an employee-agent is admissible (§§ 24-3-33; 24-3-34), *but only so long as it is not hearsay*. The statement [in question] is inadmissible, because its utterer cannot be identified, located, summoned and cross-examined." (Emphasis supplied.) Id. at 271 (1).

Kroger's contention is without merit for two reasons. First, the statement from *Johnston* quoted above was expressly rejected by a majority of judges in that case, who recognized that "an out-of-court declaration made by an agent during the existence and in the pursuance of his agency is admissible against the principal as an *exception*

to the rule against hearsay." (Punctuation omitted.) Id. at 272-273 (Banke, P. J., concurring in part and dissenting in part). In this case, the statement by the employee was clearly made in the scope of his employment, as it dealt with Kroger's knowledge of the hazard and intent to clean it up. Accordingly, the statement was admissible as an admission against interest.

Moreover, Kroger's contention that the speaker's identity is not sufficiently established to permit cross-examination is without merit. Although Hicks did not know the name of the employee who made the statement, he clearly testified that it was a black male, wearing an apron, who was working in the produce department putting up fruit. Darryl Lewis Huff, the manager of Kroger's perishables department at the time of the incident, testified that Todd Day was the only person he knew was working in the produce department that day. Day testified that he was the only person working in the produce department at the time of the accident, and that his responsibilities included keeping the section stocked. Therefore, it cannot be said that there is no evidence as to which produce section employee made the alleged statement. Although Day denied talking to Hicks, a jury could disbelieve this testimony and find that he in fact made the statement in question. Accordingly, the jury could conclude that Kroger had actual knowledge of the hazard.

2. *Constructive knowledge*. There is also evidence from which a jury could conclude that Kroger had constructive knowledge of the hazard. Day testified that he walked by the spot where Watson fell 30 seconds to a minute before the accident, "[i]f that long," specifically for purposes of inspection. Drawing all inferences in favor of Watson, a jury could conclude from this testimony that Day passed by the area fewer than 30 seconds before the accident.

Mederia Watson testified that, after the accident, she noticed salad dressing dripping from a jar on the display rack. The jury could conclude that it took the salad dressing more than 30 seconds to drip from the jar onto the floor, and that it was therefore on the floor when Day walked by. Day did not say whether he saw salad dressing on the floor at this time. Day did say that he looked at the floor after the fall and did not see anything. This is in conflict with the testimony of other witnesses and raises a jury question on this issue. Accordingly, the jury could conclude that the dressing was on the floor when Day walked by but that he negligently failed to detect it, and that Kroger should therefore be charged with constructive knowledge of the hazard.

3. *Plaintiff's knowledge of the hazard*. With respect to the second prong of the *Robinson* test, plaintiff's knowledge of the hazard, Watson testified that she was concentrating on the bell pepper table and did not see the salad dressing on the floor. There was evidence that

the floor tiles were the same color as the salad dressing, making it difficult to see the dressing. Under *Robinson*, this is sufficient to raise a jury question as to Watson's exercise of due care for her own safety. *Robinson*, supra.

*Judgment reversed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 31, 1998.

*Buzzell, Graham & Welsh, Stephen M. Welsh*, for appellant.

*Martin, Snow, Grant & Napier, Robert R. Gunn II, Thomas P. Allen III*, for appellee.