### A00A0726. BARICH v. CRACKER BARREL OLD COUNTRY STORE, INC.
(536 SE2d 221)

RUFFIN, Judge.

Mathilda Barich appeals from the trial court's grant of summary judgment in favor of defendant Cracker Barrel Old Country Store in this slip and fall case. Because there is no competent evidence that Cracker Barrel had actual or constructive knowledge of the alleged hazard, we affirm.

Barich went to eat dinner at a Cracker Barrel restaurant along with her daughter, Cheryl Menosky, her son-in-law, Tom Menosky, and her granddaughter, Katie. Hostess Tina Merrill led the family to a table. Merrill was followed by Cheryl and Katie, then Barich, and then Tom. As Barich walked toward the table, a waitress crossed in front of her "to go over to the kitchen or wherever they take their dirty dishes." After the waitress passed, Barich slipped and fell on the floor.

Neither Barich, Cheryl, nor Tom noticed any foreign substance on the floor before Barich fell. Afterward, however, all three saw butter on the bottom of Barich's shoe. Cheryl also saw butter on Barich's leg. Tom testified that he saw a "smear mark" of butter on the floor where Barich had fallen.

According to Barich, the waitress who had passed in front of her came "running over" right after the fall and said, "it's my fault, something must have fell off my tray." The waitress then cleaned the butter off of Barich. At her deposition, Barich was asked the following questions:

> Q. Did [the waitress] ever say to you that something specific fell off her tray?
> A. Well, the only thing I know is when she was cleaning me she said it was butter. That's all I recall.
> Q. When she was cleaning you after you had fallen?
> A. Yes.
> Q. Did the waitress ever tell you that butter had fallen off her tray? Or did she say, as you stated earlier, something must have fallen off my tray?
> A. She said something fell off her tray.
> Q. I want you to be very specific if you can remember this. Did she say something fell off her tray or something must

have fallen off her tray?
A. I just don't recall how she phrased it.

Cheryl testified that the waitress "had come over and apologized several times and said that the butter must have fallen off — from her plate when she was cleaning up." Tom testified that he did not recall the waitress making such statement. Neither Barich, Cheryl, nor Tom knew the name of the waitress. Cheryl and Tom were able to describe her only as a white female, and Barich added that she was in her twenties and had light brown hair.

To recover for injuries sustained in a slip and fall case, the plaintiff must prove: "(1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier."[1] With respect to the first element, a defendant moving for summary judgment discharges its burden by "pointing out by reference to the record that there is an absence of evidence to support the [plaintiff's] case."[2] Summary judgment is appropriate in a slip and fall case, however, "only when the evidence is plain, palpable, and undisputed, i.e., where reasonable minds cannot differ on the conclusion to be reached."[3]

1. Barich contends that Cracker Barrel had actual knowledge of the hazard because the unidentified waitress said that something must have fallen from her tray. We disagree.

First, the alleged remark of the waitress is inadmissible hearsay, and we may not consider it. We have held that:

[e]vidence offered on motion for summary judgment is held to the same standards of admissibility as evidence at trial, and evidence inadmissible at trial is generally inadmissible on motion for summary judgment. Hearsay is never admissible and has no probative value unless it comes within a recognized exception to the rule.[4]

In keeping with this principle, we have prohibited slip and fall plaintiffs from trying to create an issue of fact as to the proprietor's knowledge of a hazard by pointing to alleged statements of unknown employees who "cannot be identified, located, summoned and cross-

---

[1] *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).
[2] (Punctuation omitted.) *Hardee's Food Systems v. Green*, 232 Ga. App. 864-865 (502 SE2d 738) (1998).
[3] *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679, 680 (1) (498 SE2d 748) (1998).
[4] (Punctuation omitted.) *Green*, supra at 866 (1).

examined."[5] This is because "evidence imputing superior knowledge only at the suggestion of a statement allegedly made by a mystery person is completely unreliable. It is the very essence of hearsay."[6] Barich cannot identify the waitress who allegedly made the statement and can describe her in only vague terms. Moreover, she makes no showing that she has ever tried to locate or identify the woman, through formal discovery or otherwise.

Relying on *Watson v. Kroger Co.*,[7] Barich argues that she has adequately identified the waitress. But *Watson* is distinguishable. There, the plaintiff's grandson testified that "after the fall, a produce department employee told him that they had been meaning to clean up the area where [the plaintiff] fell."[8] The grandson was able to identify the employee as a black male wearing an apron and working in the produce department. The store manager testified that only one employee was working in the produce department that day; he identified that employee; and the employee was deposed. Thus, although the grandson did not know the name of the speaker, the speaker was nevertheless identified such that the reliability of his alleged out-of-court statement could be tested.

Even if the statement of the unidentified waitress were admissible, it does not show Cracker Barrel's actual knowledge of the hazard. According to Barich and Cheryl, the waitress said that "something must have fell off my tray."[9] She did not state affirmatively that she *knew* she had dropped *butter* from her tray; she apparently simply inferred from the fact that Barich fell that "something" must have fallen from the tray. But "[a]n inference cannot be based on mere conjecture or possibility."[10] The fact that a restaurant employee, as

---

[5] *Johnston v. Grand Union Co.*, 189 Ga. App. 270, 271 (1) (375 SE2d 249) (1988) (alleged statement of unidentified "red-haired" employee that there was "something wrong" with door that unexpectedly closed on plaintiff and that "if the door wasn't fixed, someone was going to get hurt" was hearsay); see also *Green*, supra at 865-866 (alleged statement by unidentified restaurant employee that another employee had been mopping up spilled grease or soda in area where plaintiff fell was hearsay and could not show actual knowledge by restaurant); *Hagan v. Goody's Family Clothing*, 227 Ga. App. 585, 586 (490 SE2d 107) (1997) (plaintiff's testimony that unidentified store employee told him, after he fell, that a child had vomited on the floor was inadmissible hearsay).

[6] *Johnston*, supra at 272 (1).

[7] 231 Ga. App. 741 (500 SE2d 631) (1998).

[8] Id. at 742 (1).

[9] Barich initially testified that the waitress said that something "must have" fallen off her tray. When pressed as to whether the waitress said something must have fallen off her tray or something had, in fact, fallen off her tray, Barich said she could not recall how the waitress "phrased it." According to Cheryl, the waitress said something "must have" fallen from the tray. In light of Barich's admitted lack of memory, the only positive evidence in the record concerning the waitress' statement is that she used the words "must have."

[10] *Sharfuddin*, supra at 683 (3) (a); see also *Lovins v. Kroger Co.*, 236 Ga. App. 585-586 (1) (a) (512 SE2d 2) (1999) (no inference of actual knowledge could be made where plaintiff slipped on spinach dip and employee testified that she had set out spinach dip on table and

opposed to the plaintiff, apparently made this inference does not make it any less conjectural. The waitress' statement shows speculation, not actual knowledge.

2. Barich also contends that Cracker Barrel had constructive knowledge of the hazard. Barich may show constructive knowledge by pointing to evidence that a Cracker Barrel employee "was in the immediate vicinity of the dangerous condition and could easily have noticed and removed the hazard."[11] Barich fails to present evidence of constructive knowledge.

She argues that both the hostess and the unidentified waitress were in the immediate vicinity when she fell. As Cracker Barrel points out, however, there is no evidence that either employee could easily have noticed and removed the butter. Barich claims that the waitress dropped butter on the floor only moments before she slipped and fell. Under this theory, the butter had not yet fallen onto the floor when the hostess — who was leading the party — crossed the area, so she could not have noticed it.[12] And, assuming we consider the testimony of the nameless waitress, her alleged statement indicates that — if she dropped the butter at all — she had *only just* done so and did not realize it until after Barich fell.

Because Barich failed to present evidence that Cracker Barrel had actual or constructive knowledge of the alleged hazard, the trial court properly granted summary judgment in favor of Cracker Barrel.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 22, 2000.

*David J. Reed*, for appellant.
*Richter, Head & Shinall, Steven L. Head, Thomas J. Pavloff*, for appellee.

---

saw no customers pass through the area).

[11] (Punctuation omitted.) *Ray v. Restaurant Mgmt. Svcs.*, 230 Ga. App. 145 (495 SE2d 613) (1998).

[12] Barich does not claim that the butter was on the floor before the hostess walked by it.