A11A1515. WILLINGHAM LOAN & REALTY COMPANY et al.
v. WASHINGTON.
(716 SE2d 585)

ELLINGTON, Chief Judge.

Alisa Washington brought suit in the Civil Court of Bibb County against Willingham Loan & Realty Company ("Willingham"), James A. Smith, and Briarwood Apartments, LLC ("Briarwood") (collectively, "the owners"), seeking to recover damages for injuries she sustained when she fell on a set of stairs at the Briarwood apartment complex.[1] Contending there is no evidence that their alleged negligence caused Washington to fall, and, therefore, that they are entitled to judgment as a matter of law on her claim, the owners appeal from an order by the trial court denying their motion for summary judgment, pursuant to this Court's grant of their application for an interlocutory appeal. For the reasons explained below, we reverse.

In order to prevail on a motion for summary judgment under OCGA § 9-11-56, the moving party must

> show that there exists no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as a matter of law. Moreover, on appeal from the denial or grant of summary judgment the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citation and punctuation omitted.) *The Landings Assn. v. Williams*, 309 Ga. App. 321, 322 (711 SE2d 294) (2011).

Viewed in a light most favorable to Washington as the nonmovant, the facts show that on December 17, 2005, Washington, while holding on to handrails with both hands, fell down the metal exterior staircase near her apartment at the Briarwood apartment complex. A witness who saw Washington fall deposed that, at the time she fell, he noticed an accumulation of ice on the stairs. However, this witness testified that he did not know whether the condition of the stairs caused Washington to fall. Washington deposed that she had previously complained to building management about the stairs that she described as "scary and dangerous" because of broken and loose

---

[1] In her complaint, Washington alleged that the owners were negligent in failing to safely maintain the stairs.

steps. But when asked "whether or not [the condition of the stairs] caused [her] to fall," Washington only replied, "It's possible." During her deposition, Washington was repeatedly unable to state what caused her to fall, saying at one point, "I don't know what caused me to fall."

Under Georgia law, an owner or occupier of land is liable to its invitees "for injuries caused by its failure to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. It is axiomatic that "causation is always an essential element in slip or trip and fall cases[, and, therefore,] [w]here the plaintiff does not know of a cause or cannot prove the cause, there can be no recovery because an essential element of negligence cannot be proven." (Citation and punctuation omitted.) *Pinckney v. Covington Athletic Club &c.*, 288 Ga. App. 891, 893 (655 SE2d 650) (2007). Additionally, a motion for summary judgment cannot be denied "based on speculation or conjecture." (Citation omitted.) *Cowart v. Widener*, 287 Ga. 622, 633 (3) (c) (697 SE2d 779) (2010). Finally, "[a] mere possibility of . . . causation is not enough; and when the matter remains one of pure speculation or conjecture" defendants are entitled to summary judgment. (Citation and punctuation omitted.) *Greyhound Lines, Inc. v. Williams*, 290 Ga. App. 450, 451 (1) (659 SE2d 867) (2008).

In this case, Washington's deposition testimony shows that she does not know what caused her to fall. Further, Washington adduced no other evidence from which a jury could infer that the owners' alleged negligence in failing to maintain the stairs caused her to fall. Because the evidence of record raises a mere possibility that a defect in the stairs caused Washington's fall, the trial court erred in denying the owners' motion for summary judgment. See *Shadburn v. Whitlow*, 243 Ga. App. 555, 566 (533 SE2d 765) (2000); *Avery v. Cleveland Avenue Motel, Inc.*, 239 Ga. App. 644, 645 (1) (521 SE2d 668) (1999).

*Judgment reversed. Miller, P. J., and Doyle, J., concur.*

DECIDED AUGUST 26, 2011.

*John D. Carey*, for appellants.
*John W. Dozier*, for appellee.