**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**August 30, 2012**

# In the Court of Appeals of Georgia

A12A1527. ANDERSON v. CANUP.                    DO-070

DOYLE, Presiding Judge.

Linda Anderson brought suit against Lamar Canup, individually and doing business as ALC Properties, seeking to recover damages for injuries she sustained when she fell while exiting Canup's business. The trial court granted summary judgment to Canup, and Anderson appeals. We affirm, for the reasons that follow.

To prevail on summary judgment, the moving party must establish

that there exists no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as a matter of law. Moreover, on appeal from the denial or grant of summary judgment the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts,

viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1]

So viewed, the record shows that on February 13, 2008, Anderson went to Canup's insurance agency. Anderson parked her vehicle, stepped up onto the sidewalk, stepped up one step onto the concrete landing immediately outside the office, and entered the premises. After she completed her business, Anderson exited the office and stepped onto the landing. As she attempted to step down from the landing to the sidewalk, Anderson stumbled and fell, seriously injuring herself.

Anderson was alone at the time of her fall. At her deposition, Anderson testified that she did not know how she fell:

Q:      . . . Do you believe that you could have placed your foot on either the front edge or the side edge of that landing or stoop and that the placement of your foot there resulted in you falling? Do you understand what I'm asking?

A:      **I do not remember what happened**.

Q:      Okay. So you're not sure?

---

[1] (Citation omitted.) *Benton v. Benton*, 280 Ga. 468, 470 (629 SE2d 204) (2006). See also OCGA § 9-11-56 (c).

A:     **I'm not sure**. All I know is I fell as I was coming off the stoop. I don't know if I stepped on the edge or the fact that – well, the stoop is not that high, but it's . . . a good step.

Q:     Okay.

A:     I don't – I may have misjudged the height of the step.[2]

Anderson conceded that numbness in her legs resulting from diabetic neuropathy may have played a part in her fall, and she also testified that approximately two months before her fall, she visited Canup's office and traversed the sidewalk and landing as she entered and exited the building.

Canup filed a motion for summary judgment on multiple grounds, including that Anderson failed to establish that he breached any duty owed to her and that Anderson's knowledge of the conditions of the premises was equal to his. The trial court granted Canup's motion for summary judgment, concluding that Anderson failed to establish causation, and Anderson appeals.

In Georgia,

> an owner or occupier of land is liable to its invitees for injuries caused by its failure to exercise ordinary care in keeping the premises and approaches safe. It is axiomatic that causation is always an essential

---

[2] (Emphasis supplied.)

3

element in slip or trip and fall cases, and, therefore, where the plaintiff does not know of a cause or cannot prove the cause, there can be no recovery because an essential element of negligence cannot be proven.[3]

"A mere possibility of causation is not enough and when the matter remains one of pure speculation or conjecture, it is appropriate for the court to grant summary judgment to the defendant."[4]

Here, Anderson admitted that she does not know what caused her to fall, and there is no evidence in the record as to the cause of her fall. Accordingly, the trial court did not err by granting summary judgment to Canup.[5]

*Judgment affirmed. Andrews and Boggs, JJ., concur.*

---

[3] (Punctuation omitted). *Willingham Loan & Realty Co. v. Washington*, 311 Ga. App. 535, 536 (716 SE2d 585) (2011), citing OCGA § 51-3-1.

[4] (Citation and punctuation omitted.) *Pinckney v. Covington Athletic Club & Fitness Center*, 288 Ga. App. 891, 893 (655 SE2d 650) (2007).

[5] See *Willingham*, 311 Ga. App. at 536 (summary judgment proper because the record contained no evidence of causation); *Pickney*, 263 Ga. App. at 893 (same); *Pennington v. WJL, Inc.*, 263 Ga. App. 758, 760 (1) (589 SE2d 259) (2003) (same); *Shadburn v. Whitlow*, 243 Ga. App. 555, 556 (533 SE2d 765) (2000).