**FIFTH DIVISION**
**DILLARD, P. J.,**
**PETERSON and REESE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**December 8, 2016**

# In the Court of Appeals of Georgia

A16A2184. RICHARDSON v. MAPOLES

PETERSON, Judge.

Plaintiff Rebecca Joy Richardson, who fell while trying to enter a Chick-Fil-A restaurant on Christmas Eve in 2012, appeals the trial court's grant of summary judgment to Greg Mapoles, the operator of the restaurant. Richardson argues that the trial court erred by concluding that she failed to offer sufficient evidence of causation. Because the evidence taken in the light most favorable to Richardson shows no more than a mere possibility that a hazard on the restaurant's property caused her fall, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56(c). We review a grant or denial of summary judgment de novo and construe the evidence in

the light most favorable to the nonmovant. *See Home Builders Ass'n of Savannah v. Chatham Cty.*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

So viewed, Richardson visited a Chick-Fil-A restaurant midday on a rainy December 24, 2012. Richardson attempted to enter the restaurant at an entry point that included two sets of doors. She passed through the outer set of doors easily but found herself unable to open the left-hand door at the interior set of doors.

As Richardson struggled with that door, she fell. Richardson testified:

Q. Okay. Were you able to eventually open that second set of doors?

A. No, no. I kept pushing, and it just — my feet just slipped out from under me, and I just fell. And then when I went to get up like you normally do, I could not move. I just could not move at all.

Q. Okay. All right. Do you remember kind of what sort of movement your feet made when you ended up on the floor?

A. No. I just was pushing on the door, and the next thing I remember right now is just falling.

Richardson testified that she did not recall seeing any water on the floor at the time she tried to open the door. Richardson recalled sitting on the floor "for a long time" after she fell and recalled that the floor was damp, "because it had been raining." The

2

floor where Richardson landed was covered in some sort of rug or mat. But Richardson also testified that she could not recall whether the rug or mat that she sat on after she fell was damp, because "[a]ll [she] was thinking about was pain."

Before the close of Richardson's deposition, defense counsel pressed her repeatedly about the cause of her fall:

Q. Okay. All right. And you don't know kind of what happened with your feet at that point; right?

A. No. I just know I fell and was sitting, sort of sitting.

. . .

Q. But you don't know exactly what caused you to fall; right?

A. I kept pushing on the door, and it was just so frustrating because, I mean, I was literally just rattling it trying to get it to open, and it just would not open.

. . .

Q. But you don't know exactly, like I said, what caused you to fall; right?

[Objection.]

3

THE WITNESS: I don't know how to answer that. I just — it happened so fast. Just like — I just remember pushing on the door, and the next thing I remember is just sitting there.

Q. . . . Okay.

A. I don't remember the time between the fall, you know, when I was pushing and falling.

Q. So you don't remember exactly what happened?

A. No. Well —

Q. You were pushing on the door, and then you're on the ground. That's what you remember?

A. Yeah, uh-huh.

Richardson was injured in the fall and transported to a hospital by ambulance. She sued Mapoles, the operator of the Chick-fil-A where she fell, seeking damages for her injuries. Mapoles filed an affidavit saying that he was aware of no problems with the restaurant's entry doors or any repairs done on the doors related to their ability to open and close. He moved for summary judgment, arguing that Richardson's claims failed because she had not shown what caused her to fall. The

trial court granted Mapoles' motion for summary judgment, concluding that Richardson had failed to point to evidence sufficient to create a genuine issue of material fact that any negligence by Mapoles caused her injuries.

In her sole enumeration of error, Richardson argues that the trial court failed to construe all reasonable inferences to be drawn from the evidence in her favor, leading to the court's incorrect finding that she failed to offer sufficient evidence of causation to defeat Mapoles' motion for summary judgment. The trial court did not err.

Our Supreme Court has explained that "'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and that summary judgment is granted only when the evidence is plain, palpable, and undisputed." *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (2) (b) (493 SE2d 403) (1997). But a plaintiff's mere speculation about causation is not enough to prevent summary judgment.

> Causation is always an essential element in slip or trip and fall cases. Where the plaintiff does not know of a cause or cannot prove the cause, there can be no recovery because an essential element of negligence cannot be proven. A mere possibility of causation is not enough and

5

when the matter remains one of pure speculation or conjecture and the probabilities are at best evenly balanced it is appropriate for the court to grant summary judgment to the defendant.

*Pennington v. WJL, Inc.*, 263 Ga. App. 758, 760 (1) (589 SE2d 259) (2003) (footnotes omitted).

We have consistently reversed trial courts that have refused to grant summary judgment to the defense in cases in which the plaintiffs were unable to point to more than mere speculation as to what caused their fall. *See, e.g., Canaan Land Props., Inc. v. Herrington*, 330 Ga. App. 17, 18-21 (1) (766 SE2d 493) (2014) (plaintiff's testimony that hole in parking lot "had to be" the cause of his shopping cart veering and tripping him shows "mere possibility" that the divot caused his fall and thus defense was entitled to summary judgment); *Bryan Bank & Trust v. Steele*, 326 Ga. App. 13, 14-16 (1) (755 SE2d 828) (2014) (summary judgment warranted where plaintiff testified that it was not clear to her whether her foot caught on something and she could not say for certain that flower bed fencing she blamed for the fall was on the sidewalk before she fell); *see also Imperial Invs. Doraville, Inc. v. Childers*, 303 Ga. App. 490, 493 (1) (693 SE2d 834) (2010) (trial court erred in denying defense motion for directed verdict where plaintiff testified that he did not know what he

tripped over). We have reversed denials of summary judgment even when there was evidence of the presence of a hazard that clearly might cause a fall in certain circumstances. For example, in *Willingham Loan & Realty Co. v. Washington*, 311 Ga. App. 535 (716 SE2d 585) (2011), a witness to the plaintiff's fall deposed that he noticed ice on a metal exterior staircase at the time the plaintiff fell down it. *Id* at 535. But the witness could not say whether the ice caused the fall. *Id.* The plaintiff deposed that she had previously complained to building management about broken and loose steps but could say only that it was "possible" that the condition of the stairs caused the fall and testified at one point, "I don't know what caused me to fall." *Id.* at 535-36. In the light of that plaintiff's testimony that she did not know what caused her to fall, and her failure to offer any other evidence of causation, we reversed the denial of summary judgment to the defendant apartment complex owners, saying "the evidence of record raises a mere possibility that a defect in the stairs caused [the plaintiff]'s fall[.]" *Id.* at 536.

The evidence here raises no more than a mere possibility that a hazard on the defendant's property caused Richardson's fall. Richardson argues that a defect in the restaurant door caused her to be unable to open it, which in turn caused her to fall on the wet floor. Construing the evidence in her favor, as we must, we assume (1) that

7

the door was not operating properly; and (2) the rug or mat on which she fell was damp. But Richardson has pointed to no evidence establishing a causal connection between any problem with the door and her fall. Although Richardson argues that her testimony shows that she fell *because of* her struggle with the door, all that her testimony shows is that she fell *while* she struggled with the door. Additionally, although she testified that the area where she fell was damp, she has put forth no evidence that the rug or mat on which she landed was slippery or somehow caused her fall. Rather than offer testimony explaining how she fell and in particular how any hazard on the defendant's property caused her fall, Richardson testified that she could not remember exactly what happened when she fell and "d[id]n't know how to answer" the question of what caused her accident. The record places this case squarely within our cases in which the plaintiff, unable to say for sure what caused his or her accident, cannot maintain a claim.

Richardson argues that a video provided by Mapoles in discovery creates a genuine issue of material fact precluding summary judgment. The video, apparently taken by some sort of security camera, shows the doorway of the restaurant at the time of the incident. After showing several people enter the store, the video shows Richardson passing through the outer set of doors. The video then appears to have a

gap of several seconds, before skipping to an image of Richardson on the floor between the two sets of doors. Richardson suggests that this gap supports her testimony that she had difficulty opening one of the inner doors, creating a question of material fact as to whether the door was defective. But this gap in the video — which the defense notes is consistent with other gaps in the poor-quality tape — tells us nothing about what went on between the time Richardson walked in the outer doors of the restaurant and the time she found herself on the ground. Richardson has never argued that the gap is the result of some improper act of spoliation by the defendant such that it should give rise to some particular adverse inference. The video adds nothing by way of evidence that any hazard on the defendant's property caused Richardson's injuries, and it cannot save her claims from summary judgment.

*Judgment affirmed. Dillard, P. J., and Reese, J., concur*.