**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 6, 2019**

# In the Court of Appeals of Georgia

A18A1985. PARKE TOWNE NORTH APARTMENTS, LLC et al.     McF-074
     v. CASTRO et al.

MCFADDEN, Presiding Judge.

This appeal is from an order denying a defense motion for summary judgment in a premises liability action involving a fatal fall from a landing outside a third-floor apartment. Because there exist genuine issues of material fact, we affirm.

1. *Facts and procedural posture.*

"Summary judgment is warranted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal from the grant or denial of summary judgment, we conduct a de novo review, with all reasonable inferences construed in the light most favorable to the nonmoving party."

*Homelife on Glynco, LLC v. Gateway Center Commercial Assn.*, 348 Ga. App. 97 (819 SE2d 723) (2018) (citations and punctuation omitted).

So construed, the evidence shows that Rodrigo Gutierrez, Matilde Castro, and their daughter lived in a third floor apartment in the Parke Towne North Apartments in the city of Brookhaven in DeKalb County. At approximately 10:00 p.m. on Friday May 30, 2014, Gutierrez began drinking beer with some men outside the front of a first floor apartment. When Castro went to bed about 10:30 p.m., Gutierrez was still outside. Gutierrez later came into the bedroom to get a shirt and then left the apartment. About 6:00 the next morning, Saturday May 31, 2014, a neighbor found Gutierriez lying deceased on the ground approximately 18 feet below the landing outside the back door of the apartment.

The police were contacted, arrived at the scene a short time later, and found Gutierrez lying face-down on a concrete surface with both arms outstretched above his head and a large pool of blood around his head and shoulders. An officer found Gutierrez's keys on the third-floor landing near the back door of the apartment, observed that the railing on the landing was "shorter than normal," and measured it at about two-and-a-half feet in height. Based on the location of the keys, the height of the railing, and the location of the body, the police determined that it appeared

Gutierrez had accidentally fallen from the third-floor landing and reported that no foul play appeared to be involved. The medical examiner who performed the autopsy found that Gutierrez had a blood alcohol concentration of .265, that the cause of death was blunt force trauma to his head, that the investigation information supported the contention that Gutierrez had fallen from the third floor landing to the ground below, and that the manner of death was accidental.

Castro, as the guardian of Gutierrez's child, along with the administrator of Gutierrez's estate filed a wrongful death action against Parke Towne North Apartments, LLC and Title Realty, Inc., the owners and managers of the apartment complex, alleging that the railing on the landing did not comply with the 42-inch height requirement of the applicable building codes and that it was not properly secured to the building. Parke Towne and Title Realty moved for summary judgment, arguing that they are not subject to the building codes, that Gutierrez had equal knowledge of the alleged hazard, and that there was no evidence of causation. The trial court denied the motion for summary judgment and certified its order for immediate review. This court granted Parke Towne and Title Realty's application for interlocutory review and this appeal followed.

2. *"Grandfather" status under building codes.*

The appellants contend that the trial court erred in failing to grant them summary judgment because the undisputed evidence establishes that their apartment complex, including the railing in question, was built in the 1960s before the applicable building codes were adopted, and therefore it had "grandfather" status exempting it from the codes in effect at the time of Gutierrez's fall. The contention is without merit because there are genuine issues of material fact about whether the railing created a hazard and thus did not qualify for grandfather status.

A "grandfather clause" is "[a] statutory or regulatory clause that exempts a class of persons or transactions because of circumstances existing before the new rule or regulation takes effect." Black's Law Dictionary (10th ed. 2014). The grandfather clause at issue in this case, set forth in the City of Brookhaven Code of Ordinances Sec. 7-59 (b), provides:

> Buildings, structures, plumbing, mechanical and electrical systems lawfully in existence at the time of the adoption of the ordinance from which this article is derived shall be permitted to have their use and maintenance continued if the use, maintenance or repair is in accordance with the original design *and no hazard to life, health, or property is created by such building, structure or system.*

(Emphasis supplied.)

4

In support of their argument that they have grandfather status under this clause, the appellants have pointed to testimony from their expert witness and from a contractor opining that the property was grandfathered in; they note that they have never been issued a citation with regard to the railings at the complex; and they cite to certificates of code compliance issued before and after the fall. The appellants claim that appellees have failed to present any opposing evidence creating a genuine issue of material fact as to their grandfather status.

But contrary to the appellants' claim, under the plain language of the grandfather clause emphasized above, the railing in question does not have grandfather status if it creates a hazard to life, health or property. And the appellees submitted the affidavit of an expert who testified, among other things, that the railing in question is only 29 inches high, that he does not know of any building code ever allowing such a railing height, that the bottom of the railing was not properly attached to the deck, that the railing moved several inches outward when pushed, and that the railing thus constituted a fall hazard for anyone on the deck. The expert further opined that the railing was "not 'grandfathered-in' because [it] constituted a hazard to life, health and property as defined by the City of Brookhaven Ordinance."

As the trial court noted in its order, there were competing expert opinions presented on summary judgment. And given the conflicting evidence as to whether the railing created a hazard, there exist genuine issues of material fact about whether the railing has grandfather status. So, the trial court did not err in denying summary judgment on this ground.

3. *Equal knowledge.*

The appellants contend that they are entitled to summary judgment because Gutierrez had equal knowledge of the allegedly hazardous railing. We disagree.

It is true that

> the true ground of liability is the landowner's superior knowledge of the perilous condition and the danger therefrom to persons coming upon the property. It is when the perilous condition is known to the owner and not known to the person injured that a recovery is permitted. Given this requirement of superior knowledge, we have repeatedly held that a landlord is not liable to the tenant or the tenant's family for injuries resulting from a patent defect which existed at the time the lease was executed and of which both the landlord and tenant knew or had equal opportunity to know.

*Johnson v. Green Growth 1*, 305 Ga. App. 134, 136-137 (699 SE2d 109) (2010) (citations and punctuation omitted) (physical precedent).

But there is an exception to this rule where the defect violates a building code. Id. at 137 n. 2.

6

A landlord is subject to liability for physical harm caused by a dangerous condition existing before or arising after the tenant has taken possession, if he has failed to exercise reasonable care to repair the condition and the existence of the condition is in violation of an implied warranty of habitability *or a duty created by statute or administrative regulation. The landlord, the owner of the underlying estate, cannot avoid duties created by housing codes. This principle applies with equal force to a landlord's violation of a duty created by a building code or other regulatory provision affecting safety of the premises.*

*Bastien v. Metro. Park Lake Assn.*, 209 Ga. App. 881, 882 (434 SE2d 736) (1993) (citations and punctuation omitted; emphasis supplied). So even though a tenant may have equal knowledge of an obvious defect, "that is not necessarily a bar to recovery when the defect is in violation of a duty created by applicable statute or administrative regulation." Id. In such cases, "our courts have come to recognize a state policy of prevention of unsafe residential housing, holding landlords liable in tort for failure to correct conditions that exist in violation of the duties created by the housing codes and other legislation." *Watts v. Jaffs*, 216 Ga. App. 565, 566 (455 SE2d 328) (1995).

Undoubtedly, a landlord's liability is not absolute. Landlords enjoy the usual defenses available in a negligence action, including those based on contributory negligence and assumption of the risk. But such defenses present questions for a jury except in extraordinary cases, where the facts are plain and indisputable. And, in cases involving housing code violations, the facts supporting these defenses will not be plain or indisputable. For example, a tenant who is aware of a condition that violates a housing code does not necessarily appreciate the danger presented – a danger that has been studied and regulated by a governing

7

body. . . . [G]iven the important public policy at issue, we find that a jury should assess the reasonableness of the tenant's conduct and the extent to which the tenant appreciates the risk of that conduct. Such result does not impose absolute liability on a landlord. It simply allows a jury to decide questions regarding ordinary care and the assumption of any risk.

*Johnston v. Ross*, 264 Ga. App. 252, 255-256 (590 SE2d 386) (2003) (citations and punctuation omitted).

In this case, there are genuine issues of material fact about the landlord and tenant relationship of the parties; whether the railing was grandfathered in as discussed above; and whether the railing violates the applicable building codes. Thus, "the trial court did not err in denying [the appellants'] motion for summary judgment." *Housing Authority v. Jefferson*, 223 Ga. App. 60, 63 (3) (476 SE2d 831) (1996) (in affirming denial of summary judgment, noting that landlord cannot hide behind equal knowledge to avoid duties mandated by housing codes).

4. *Causation.*

Parke Towne and Title Realty assert that the trial court erred in denying their motion for summary judgment because there is no evidence of the essential element of causation. We disagree.

Causation is always an essential element in slip or trip and fall cases. Where the plaintiff does not know of a cause or cannot prove the cause, there can be no recovery because an essential element of

8

negligence cannot be proven. A mere possibility of causation is not enough and when the matter remains one of pure speculation or conjecture and the probabilities are at best evenly balanced it is appropriate for the court to grant summary judgment to the defendant.

*Richardson v. Mapoles*, 339 Ga. App. 870, 872-873 (794 SE2d 669) (2016) (citation omitted).

But contrary to the appellants' arguments, causation in this case is not merely a matter of pure speculation or conjecture. Rather, the appellees have pointed to evidence showing that Gutierrez was intoxicated, that he was on the third-floor landing, that the railing was only 29 inches high and not secured to the wall, that he fell off the balcony to his death, that the police found that the fall was accidental and that there was no evidence of foul play, and that the medical examiner likewise found that the manner of death was consistent with an accidental fall. It is true that there is no eyewitness testimony or other evidence directly showing exactly what caused Gutierrez's fall; but the circumstantial evidence cited by the appellees supports their theory that Gutierrez lost his balance and accidentally fell over the railing, which failed to stop his fall to the ground below. See *Miller v. Turner Broadcasting Sys.*, 339 Ga. App. 638, 643 (1) (794 SE2d 208) (2016) (although no direct evidence of causation where plaintiff's injuries left him unable to testify, plaintiff escaped

9

summary judgment because jury could find from other evidence that the injuries were proximately caused by the defendants' negligence).

As our Supreme Court has explained:

> Circumstantial evidence . . . may be sufficient for a plaintiff's claim to survive summary judgment, if other theories are shown to be less probable. There is no requirement that other theories be conclusively excluded. . . . In those circumstances, the question as to the sufficiency of the circumstantial evidence, and its consistency or inconsistency with alternative hypotheses, is a question for the jury.

*Patterson v. Kevon, LLC*, 304 Ga. 232, 236 (818 SE2d 575) (2018) (citation, punctuation, and emphasis omitted).

The appellants theorize that instead of an accidental fall, it is possible that Gutierrez was pushed off of or jumped from the landing. They have not cited any evidence to support either theory, but rely on the absence of direct evidence as to precisely what happened at the time of the fall to speculate as to such theories. While the circumstances surrounding the fall do not conclusively exclude the appellants' proposed theories, the circumstantial evidence cited by appellees shows those theories to be less probable than the theory of an accidental fall over the railing. Consequently, the sufficiency of the circumstantial evidence as to causation and its consistency with the alternative theories are questions for the jury. See generally *Axom v. Wendy's Intl.*,

10

238 Ga. App. 528, 529 (1) (518 SE2d 734) (1999) (well settled that proximate cause ordinarily a question to be decided by a jury, and the court should not decide it except in plain and indisputable cases). The trial court therefore did not err in denying summary judgment on this ground.

*Judgment affirmed. Rickman and Markle, JJ., concur.*