**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 13, 2025**

# In the Court of Appeals of Georgia

A24A1262. ALL AMERICAN QUALITY FOODS, INC. v. BRITTEN.

HODGES, Judge.

We granted an interlocutory appeal filed by All American Quality Foods ("All American"), following the trial court's denial of its motions for summary judgment and for reconsideration, in a slip-and-fall case brought by shopper Bernice Britten. All American contends that the trial court erred in: (1) finding a material question of fact existed regarding whether a defect in the premises was the proximate cause of Britten's fall; (2) relying on erroneous facts and improperly adopting a speculative argument; and (3) failing to rule in its favor on the issue of superior knowledge. For the reasons that follow, we reverse.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant." (Citation and punctuation omitted.) *Johnson v. All American Quality Foods*, 340 Ga. App. 664 (798 SE2d 274) (2017).

> A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9–11–56 (e).

*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Viewed in the light most favorable to Britten, the record shows that she was shopping at All American when she fell. Store surveillance video shows Britten walking from the far end of the store along the side of the meat refrigeration cases, then falling onto the floor. According to the time stamp on the surveillance video, she fell at approximately 11:44 a.m., although there was evidence that the timer on the

surveillance video did not reflect the actual clock time, and that Britten in fact fell at approximately 11:20 a.m.[1] Minutes later, store employees approached and began talking with her. The video shows workers pointing at the floor, and someone giving Britten what appears to be a white bag. Both sides admit in judicio that this is an ice pack. At about 12:02 p.m. on the video, the store's co-manager, Dernard Dozier, can be seen bending down to take a photograph; he deposed that there was no water in the area at that time. Emergency workers arrived about half an hour after Britten's fall, placed her on a stretcher, and took her out of the area. The video then shows an employee again pointing at the floor, and at about 12:18 p.m., workers place cones in the area around where Britten was lying while employees look at the floor and touch or tap the floor with their feet. At about 12:19 p.m. on the video, approximately 35 minutes after Britten's fall, Dozier can be seen wiping down the area with a cloth.

Britten deposed that she never saw what caused her to fall, did not know what she slipped on, and never saw any water or anything else on the floor where she fell. She also deposed, however, that "somebody said water. So there was water there." In her affidavit, she averred that she did not see "the liquid I slipped in" and "did not

---

[1] This discrepancy does not alter our analysis.

notice anything else on the floor in the area I fell that could have been the cause of my fall." The affidavit again avers that an unidentified person said water was on the floor.

Dozier, who, on his way to put meat back in the meat case, had very briefly walked near the area where Britten fell less than a minute prior to her fall, deposed that he saw nothing on the floor: "[n]o spill, no scratch, nothing." He left the area, but returned when he heard Britten screaming after the fall. He explained that he later began wiping down the floor because the ice pack Britten had been given had leaked, creating a "spill," and that "[i]t wasn't wet on the floor before." Looking at the video, he deposed that at about 11:46 a.m., about two minutes after Britten's fall, he inspected the floor and saw "nothing at all[,]" and that he only later wiped down the floor, after emergency workers had carried Britten out, because the ice pack had leaked "five drops at the most[.]" He acknowledged that he wiped down an area that was between three and five feet away from the location of the ice pack because he wanted to be "cautious[.]" The towel, he deposed, was only "a little damp" when he picked it up after wiping down the floor.

4

1. All American contends that the trial court erred in denying its motion for summary judgment because Britten failed to establish a hazardous condition existed that proximately caused her fall. We agree.

> With regard to premises-liability actions, Georgia law makes clear that while an owner or occupier of land has a statutory duty to keep its approaches and premises in a reasonably safe condition for invitees, an owner or occupier of land is not an insurer of the safety of its invitees. Accordingly, the threshold point of our inquiry in a slip-and-fall case is the existence of a hazardous condition on the premises. And it is well established that proof of a fall, without more, does not create liability on the part of a proprietor or landowner, because it is common knowledge that people fall on the best of sidewalks and floors. Thus, when the plaintiff cannot show the existence of a hazardous condition, she cannot prove the cause of her injuries and there can be no recovery because an essential element of negligence cannot be proven.

(Citations and punctuation omitted.) *Taylor v. Thunderbird Lanes*, 324 Ga. App. 167, 169-170 (1) (748 SE2d 308) (2013); accord *El Ranchero Mexican Restaurant No. 10 v. Hiner*, 316 Ga. App. 115, 117 (728 SE2d 761) (2012) ("A mere possibility of causation is not enough and when the matter remains one of pure speculation or conjecture, it is appropriate for the court to grant summary judgment to the defendant.") (citation and punctuation omitted).

5

All American argues that Britten presented no evidence of a hazardous condition. Britten counters by pointing to the statement from the unidentified bystander, who allegedly said "water," then cites to her own conclusion that "there was water there." It is clear from her deposition, however, that her conclusion is based solely on the unidentified bystander's statement, because Britten averred unequivocally that she herself "didn't see anything" that caused her to slip and fall.

As All American argued at the hearing on the motion for summary judgment, the unidentified bystander's statement about water is inadmissible hearsay. "An alleged statement by an unidentified witness is hearsay and inadmissible. Since the alleged utterer is unknown, it cannot be shown that the statement[] qualif[ied] as being free from all suspicion of device or afterthought." (Citation and punctuation omitted.) *Seed v. Smith & Woods Mgmt. Corp.*, 242 Ga. App. 395, 396 (1) (530 SE2d 29) (2000) (finding that plaintiff who saw nothing on the floor, either before or after her fall, could not rely upon the words of an unnamed and unidentified couple who allegedly told a store manager that there were water spills in the produce aisle that needed cleaning). We generally prohibit slip-and-fall plaintiffs from trying to create an issue of fact "by pointing to alleged statements of unknown employees who cannot be

6

identified, located, summoned and cross-examined." (Citation and punctuation omitted.) *Barich v. Cracker Barrel Old Country Store*, 244 Ga. App. 550, 551 (1) (536 SE2d 221) (2000). This is because attempting to establish a hazard existed "only at the suggestion of a statement allegedly made by a mystery person is completely unreliable. It is the very essence of hearsay. [Britten] cannot identify the [person] who allegedly made the statement . . . . Moreover, she makes no showing that she has ever tried to locate or identify the [person], through formal discovery or otherwise." (Citation and punctuation omitted.) Id. at 552 (1). Nor are we persuaded by Britten's assertion — made in a one-sentence footnote that contains no argument — that the bystander's statement falls under either the present-sense impression or excited utterance exceptions to the hearsay rule. Britten points to no evidence in the record giving such context to the unidentified person's alleged statement. See *Fairview Park v. Roddenberry*, 364 Ga. App. 247, 251-252 (2) (874 SE2d 408) (2022) (finding that where the only evidence that an employee left a trail of water came from unidentified nurses and an unidentified janitor, such statements were inadmissible hearsay); compare *Watson v. Kroger Co.*, 231 Ga. App. 741, 742-743 (1) (500 SE2d 631) (1998) (finding admissible as an admission against interest, over hearsay objection, evidence

that unidentified grocery store employee told plaintiff's grandson that "they had been meaning to clean up that area" where the plaintiff fell, because grandson was able to visually identify the speaker and the speaker eventually was deposed).

Britten also argues that evidence of a hazard exists because the video shows employees pointing at the floor and, despite Dozier's uncontradicted deposition testimony that he saw no water on the floor prior to Britten's fall or immediately after it, a fact question nonetheless exists because Dozier used a towel to wipe down the floor in an area larger than the area where her fall occurred. Britten cites no evidence, however, that whatever Dozier was wiping up was on the floor prior to her fall. She merely infers that because Dozier wiped up a larger area, water must have been somewhere in that larger area before she fell. This inference is directly contradicted by Dozier's testimony.

Although we view all inferences in Britten's favor, even doing so, it is well settled that "an inference cannot be based on mere conjecture or possibility." (Citation and punctuation omitted.) *Barich*, 244 Ga. App. at 552 (1) (affirming grant of summary judgment to defendant because waitress's inference that, merely because

plaintiff fell down, and "something must have fell" off her tray that caused plaintiff's fall, was "speculation, not actual knowledge").

> Under *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997), in order to recover for injuries sustained in a slip and fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner or occupier.

*Hudson v. J. H. Harvey Co.*, 244 Ga. App. 479, 480 (536 SE2d 172) (2000) (affirming grant of summary judgment to defendant where (1) plaintiff slipped and fell while stepping off a rug in a store but saw no water on the floor and found no water on her pants; and (2) where store manager examined the area after plaintiff's fall and, although she "believed that the entrance rug was wet" because it was a rainy day, discovered no foreign substances on the floor and "had no direct knowledge that the rug was wet").

Here, Britten cannot meet the first prong of the test because there is no evidence she slipped on a hazard. Like the plaintiff's complaint in *Hudson*, Britten's complaint alleged that the defendant knew a hazardous condition existed and failed in its duty to take action to remediate the condition. See 244 Ga. App. at 480. But she

must present some evidence of a foreign substance on the ground where she slipped, and that this substance caused her to slip. Id. Specifically, "[i]n order to create a genuine issue of material fact regarding the existence of a hazardous condition, a plaintiff cannot rely upon speculation and she must prove more than the existence of a slick or wet floor." (Citation and punctuation omitted.) *Taylor*, 324 Ga. App. at 170 (1) (affirming grant of summary judgment to defendant where plaintiff believed she must have slipped on oil in bowling alley approach but did not see oil in that area; although her son saw oil on the lane itself, there was no evidence that oil was on the approach side and "only conjecture" supported plaintiff's conclusion that "oil on the approach side of the bowling lane's foul line caused her to fall"). Rather, a plaintiff "must produce evidence of what foreign substance, condition, or hazard caused her to slip and fall." (Citation and punctuation omitted.) Id.

In *Richardson v. Mapoles*, 339 Ga. App. 870, 871 (794 SE2d 669) (2016), we affirmed a grant of summary judgment to the defendant where the plaintiff slipped and fell when she tried to enter a Chick-fil-A by pushing a door that was stuck. The plaintiff recalled that the floor was damp because it was raining, but did not know what caused her to fall and failed to offer any other evidence of causation. This Court found

that, even assuming that the door was not operating properly and the mat was wet, the plaintiff "pointed to no evidence establishing a causal connection between any problem with the door and her fall . . . [and] has put forth no evidence that the rug or mat . . . was slippery or somehow caused her fall." Id. at 873-874. As the Court in *Richardson* noted, "[w]e have reversed denials of summary judgment even when there was evidence of the presence of a hazard that clearly *might* cause a fall in certain circumstances." (Emphasis supplied.) Id. at 873; see *Bryan Bank & Trust v. Steele*, 326 Ga. App. 13, 13-14, 15 (1) (755 SE2d 828) (2014) (reversing denial of summary judgment to defendant and finding that plaintiff's evidence of causation was "speculation[,]" where plaintiff fell on a sidewalk, recalled seeing "'very noticeable'" metal edging around a flower bed near the sidewalk, but deposed that while she "believe[d]" or assumed the edging caused her fall, she "did not know how she fell or what caused her to fall"); compare *Smith v. Tenet HealthSystem Spalding*, 327 Ga. App. 878, 880 (1) (761 SE2d 409) (2014) (finding evidence sufficient to create an inference of a foreign substance on the floor where, although plaintiff who fell saw no liquid on the floor, there was evidence that a janitor had just finished wiping down the area, that a cart and mop bucket were previously in the area, and that plaintiff's

daughter-in-law noticed "something" on the floor that caused her foot to slip when she went to help plaintiff such that maintenance staff were asked to "come get the spill up" and a nurse called for paper towels to mop up "something wet on the floor"). Here, Britten has pointed to no evidence establishing a causal connection between any substance on the floor and her fall, and she has put forth no evidence — other than the fact of her fall — that the floor "on which she landed was slippery or somehow caused her fall." *Richardson*, 339 Ga. App. at 874. Based on the foregoing, we find that the trial court erred in denying All American's motion for summary judgment.

2. As a result of our determination in Division 1, we need not address All American's remaining enumerations of error.

*Judgment reversed. Doyle, P. J., and Watkins, J., concur.*